Taft, J.
 

 Appellants’ complaints are that these cottages were classified as real estate instead of personal property for purposes of taxation. There is no contention that the cottages could not be taxed at all because they were located on land leased from the state. Cf.
 
 City of Toledo
 
 v.
 
 Jenkins et al., Bd. of Tax Appeals,
 
 143 Ohio St., 141, 54 N. E. (2d), 656.
 

 State lands adjacent to Buckeye Lake are leased as provided in Sections 471, 13965, 13966 and 13968, General Code. Section 13966, dealing with the leasing of such lands, provides in part:
 

 “* * * provided always, however, that each and every building or other valuable structure erected thereon by any person, or persons, or corporation may be taxed as other property of individuals or corporation in the same locality.”
 

 This reference must be to the taxation of other similar property of individuals and corporations.
 

 
 *209
 
 Appellants contend first that these cottages are not “land and improvements thereon,” within the meaning of Section 2 of Article XII of the Constitution. For the reasons hereinafter stated it is not necessary to pass upon that contention.
 

 Section 2, Article XII, provides in part:
 

 “Land and improvements thereon shall he taxed by uniform rule according to value.”
 

 Nothing in the Constitution prohibits the taxation of other classes of property “by uniform rule according to value.” Section 2, Article XII, specifically recognizes and provides against “limiting the general power” of the General Assembly “subject to the provisions of Article I” (Bill of Rights) “to determine the subjects and methods of taxation or exemptions therefrom.”
 

 It follows that the General Assembly has authority to make provision for taxation of personal property by uniform rule according to value. No contention is made that the General Assembly could not classify these cottages for such taxation, even if they are personal property and even though the General Assembly classified other kinds of personal property for taxation in a different manner. Cf.
 
 State, ex rel. Struble,
 
 v.
 
 Davis et al., Tax Comm.,
 
 132 Ohio St., 555, 9 N. E. (2d), 684.
 

 Section 5322, General Code, provides:
 

 “The terms
 
 ‘r<eal property’
 
 and
 
 lland’
 
 as so used,
 
 include not only land itself,
 
 whether laid out in town lots or otherwise, and all growing crops, including decidous and evergreen trees, plants and shrubs, with all things contained therein
 
 but also, unless otherwise specified, all buildings, structures,
 
 improvements, and fixtures of
 
 whatever hind thereon,
 
 and all rights and privileges belonging or appertaining thereto.” (Emphasis ours.)
 

 
 *210
 
 It is not “otherwise specified” that “buildings” and “structures” of the kind represented by these cottages are to be excluded from the term “real property” as defined in Section 5322, General Code. In
 
 Zangerle, Aud.,
 
 v.
 
 Republic Steel Corp.,
 
 144 Ohio St., 529, 60 N. E. (2d), 170, and
 
 Roseville Pottery, Inc.,
 
 v.
 
 County Board of Revision of Muskingum County,
 
 149 Ohio St., 89, 77 N. E. (2d), 68, this court held that it had been “otherwise specified” that the buildings and structures there involved were not to be included in the term “real property” as defined in that section of the General Code. In
 
 Zangerle, Aud.,
 
 v.
 
 Standard Oil Co. of Ohio,
 
 144 Ohio St., 506, 60 N. E. (2d), 52, and
 
 Standard Oil Co.
 
 v.
 
 Zangerle, Aud.,
 
 144 Ohio St., 523, 60 N. E. (2d), 59, it was apparently not contended that the items of property involved were included within the definition of real property in Section 5322, General Code.
 

 There is no constitutional provision which prevents the General Assembly, for the purposes of classification for taxation, from including items of personal property within its definition of real property.
 

 It is argued that the definition of real property in Section 5322, General Code, was enacted under the old constitutional provision taxing all real and personal property according to its true value in money. We fail to see why this factor should be given any effect in limiting the ordinary meaning of the language of Section 5322, General Code. When that section was enacted, Section 2 of Article XII of the Constitution provided:
 

 “Laws shall be passed, taxing by a uniform rule, all moneys, credits, investments in bonds, stocks, joint stock companies, or otherwise; and also all real and personal property, according to its true value * *
 

 By reason of those provisions, the distinction be
 
 *211
 
 tween real property and personal property for purposes of taxation was not then important. Both were to be taxed “by a uniform rule.” When the distinction became significant because of the amendment to the Constitution which required that only land and improvements thereon be taxed by such a rule, the General Assembly had an opportunity to revise its definition of real property so as to eliminate therefrom those kinds of property which might properly be classified as personal property. While it did this to some extent, by other statutory enactments
 
 (Roseville Pottery, Inc.,
 
 v.
 
 County Bd. of Revision, supra,
 
 paragraph two of the syllabus, and
 
 Zangerle, Aud.,
 
 v.
 
 Republic Steel Corp., supra
 
 538), it failed to do so with regard to the kind of property involved in these cases.
 

 Decision affirmed.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman, Stewart and Turner, JJ., concur.