PARKBROOK GOLF CORP., APPELLEE, *v.* DONAHUE, TAX COMMR., APPELLANT.

(No. 39873—Decided May 25, 1966.)

*Messrs. Trenkamp & Bovington* and *Mr. Benjamin C. Taber,* for appellee.

*Mr. William B. Saxbe,* attorney general, and *Mr. Jon A. Ziegler,* for appellant.

JONES, J.   Section 5701.02, Revised Code, is as follows:

"As used in Title LVII of the Revised Code, 'real property' and 'land' include land itself, whether laid out in town lots or otherwise, all growing crops, including deciduous and evergreen trees, plants, and shrubs, with all things contained therein, and, unless otherwise specified, all buildings, structures, improvements, and fixtures of whatever kind on the land, and all rights and privileges belonging or appertaining thereto."

The facts that came before us are those found in the entry of the Board of Tax Appeals. Counsel for the Tax Commissioner does not take exception to them. He disputes the board's decision based on those facts. The board found:

The area of the miniature golf course included about 20,000 square feet of land. One of the items in and on this land consisted of a concrete block building used to store supplies, dispense food and refreshments, for the sale of tickets and as a headquarters for policing the activities of the golf customers. The land is surrounded on three sides by an aluminum wire mesh fence approximately four feet high, and on the fourth side by a fence approximately 15 feet high. The 18 separate playing areas of this course consist of runways weighing many tons and holes which are constructed of poured concrete. Lighting of this course is accomplished by lights attached to metal poles which are implanted several feet in the ground. Stone walks accommodate the players in walking to and from the playing area. The water-distribution system was established to furnish water to the golf greens and parts of the fairway area. The piping which leads to the various outlets is located underground below the frost line.

Approximately 12 acres of the appellee's land is improved by nine golf greens surrounded by sodded fairways. By the installation of the lighting system these greens and fairways are suitable to night golf playing. The lighting consists of lights on wooden poles imbedded in the land. These lights are served by underground conduits containing the necessary wire to accomplish the supplying of electricity to the lamps connected to the poles, and this electrical system is controlled from a panel inside the clubhouse building.

The wire fence, 15 feet in height, which was also referred to in the first category (the miniature golf course), supports letters containing the legend, "Par 3 Parkbrook Golf," but it is obvious that the use of this fence for advertising purposes is only incidental to the protective purpose for which it was erected. These advertising letters are of inexpensive plywood construction, and, in view of their position with reference to the highway, they provide only limited identification value and are of practically no advertising value.

The recreational improvements are a direct benefit to the land itself and were permanently installed.

Based upon the foregoing, we are of the opinion that the character of the property in dispute clearly indicates that it is "structures," "fixtures" or "improvements," as those terms are used in Section 5701.02, Revised Code.

The Board of Tax Appeals found that the property in question was of a personal nature but to be taxed as real estate. The board followed *Reed* v. *County Board of Revision of Fairfield County, supra.* However, we are of the opinion that the property is of the character used in Section 5701.02, Revised Code, and should be taxed as real estate. We find the decision of the Board of Tax Appeals to be neither unreasonable nor unlawful, and it is, therefore, affirmed.

*Decision affirmed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT and BROWN, JJ., concur.

JONES, J., of the Seventh Appellate District, sitting for SCHNEIDER, J.