SHUTTER BUG, INC., ET AL., APPELLEES, *v.* KOSYDAR, TAX COMMR., APPELLANT.

(No. 74-208—Decided December 26, 1974.)

100

Messrs. *Lindhorst & Dreidame* and *Mr. Richard M. Schwartz*, for appellees.

*Mr. William J. Brown*, attorney general, and *Mrs. Maryann B. Gall*, for appellant.

WILLIAM B. BROWN, J. R. C. 5701.02 reads:

"As used in Title LVII[57] of the Revised Code, '*real property*' and '*land*' include land itself, whether laid out in town lots or otherwise, all growing crops, including deciduous and evergreen trees, plants, and shrubs, with all things contained therein, and, *unless otherwise specified*, all buildings, structures, improvements, and fixtures of whatever kind on the land, and all rights and privileges belonging or appertaining thereto." (Emphasis ours.)

The objects of taxation in this case are plainly "buildings" and "structures," and appellant recognized them as such. Also, these objects are not mentioned in any other section of R. C. Title 57 within the meaning of the phrase "unless otherwise specified."

This court recognizes that in other legal contexts a decision might be required as to whether these objects are personal or real property.

However, in construing G. C. 5322, the predecessor of R. C. 5701.02, this court held, in paragraph three of the syllabus in *Reed* v. *Bd. of Revision* (1949), 152 Ohio St. 207:

"Even if a structure or building located on land is personal property, such structure or building will, for purposes of taxation, be included within the definition of 'real property' as that term is defined in Section 5322, General Code, unless the General Assembly has otherwise specified."

We hold that the *Reed* decision clearly applies to this case, and that appellant has not suggested adequate reasons for us to depart from that principle.

Accordingly, the decision of the Board of Tax Appeals was neither unreasonable nor unlawful, and we affirm.

*Decision affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE and P. BROWN, JJ., concur.