BOBB BROTHERS, APPELLANT, *v.* BOARD OF REVISION OF
HIGHLAND COUNTY, APPELLEE.

[Cite as Bobb Bros. v. Bd. of Revision (1976),
45 Ohio St. 2d 81.]

(No. 75-376——Decided February 11, 1976.)

*Mr. James D. Guernsey,* for appellant.
*Mr. John O. Crouse,* for appellee.

*Per Curiam.* The property in question is personalty,
as defined by this court in *Zangerle* v. *Standard Oil Co.*

(1945), 144 Ohio St. 506; *Standard Oil Co.* v. *Zangerle* (1945), 144 Ohio St. 523; and *Zangerle* v. *Republic Steel* (1945), 144 Ohio St. 529. That property, however, may be treated as realty for purposes of taxation. *Reed* v. *Bd. of Revision* (1949), 152 Ohio St. 207; *Shutter Bug* v. *Kosydar* (1974), 40 Ohio St. 2d 99. In *Shutter Bug*, we held:

"Even if a structure or building located on land is personal property, such structure or building will, for purposes of taxation, be included within the definition of 'real property' as that term is defined in R. C. 5701.02, unless the General Assembly has otherwise specified."

Thus, the issue presented by this appeal is whether the concrete and metal silos, grain elevator structure, and other items owned by appellant, are taxable as real property or as personal property under R. C. 5701.02 and other relevant statutes.

R. C. 5701.02 provides:

"As used in Title LVII of the Revised Code, '*real property*' and '*land*' *include* land itself, whether laid out in town lots or otherwise, all growing crops, including deciduous and evergreen trees, plants, and shrubs, with all things contained therein, and, *unless otherwise specified, all buildings, structures, improvements, and fixtures of whatever kind on the land,* and all rights and privileges belonging or appertaining thereto." (Emphasis added.)

Appellant asserts that its process of treating grain is "manufacturing," pursuant to R. C. 5711.16, and, therefore, the items used to facilitate that process are "otherwise specified," within the meaning of R. C. 5701.02, and properly taxed as personal property.*

---

*R. C. 5711.22(E) provides, in pertinent part:

"Personal property, used in business, shall be listed and assessed at fifty percent of its true value in money on the day that it is required to be listed as follows:

"All engines, machinery, tools, and implements of a manufacturer mentioned in Section 5711.16 of the Revised Code * * *."

R. C. 5711.16 states:

"A person who purchases, receives, or holds personal property for the purpose of adding to its value by manufacturing, refining, rectify-

We disagree.

The Board of Tax Appeals, in affirming the classification of appellant's property as realty, for taxation purposes, concluded:

"From the record before the Board of Tax Appeals it is apparent to this board that the concrete silos and related structures that comprise the grain mill are neither machines nor implements used in manufacturing. A building, improvement to land, or structure that *houses* machines does not become a machine.

"* * *

"It would appear clear that the cleaning, blending, and mixing of grain, wherein there is no change in the state or form of the grain, does not constitute manufacturing or processing. Thus, the silos and structures wherein separate machines perform these tasks are not used in manufacturing or processing."

In affirming the order of the Board of Tax Appeals, the Court of Appeals stated:

"Under the facts in the record, we do not perceive how this statute can be construed as 'otherwise' specifying for two reasons. First, the grain taken, while treated, is the same grain that is sold for a profit. There is a combining process but not of different 'materials.' The combining is of different grades of the same material. Hence, appellant is not a manufacturer.

"Secondly, it is difficult to consider the structures as 'machines' since, basically, there is a storing function with no moving parts. Certainly, they bear little resemblance to the machines as considered in prior adjudications. If appellant's assertions here are valid, practically every structure built to meet specified needs with little general use otherwise would be unrequired to be taxed as personal prop-

---

ing, or combining different materials with a view of making a gain or profit by so doing is a manufacturer.* * *

"* * * A manufacturer shall also list all engines and machinery, and tools and implements, of every kind used, or designed to be used, in refining and manufacturing, and owned or used by such manufacturer."

erty. The historical reasons for the 1931 Constitution Amendment preclude such result. See Classification of Property as Real or Personal for Ohio Property Taxes, An Appraisal, 11 Ohio St. Law Journal 153.''

The finding of fact made by the Board of Tax Appeals, and affirmed by the Court of Appeals, is fully supported by the record. The grain silos and elevator and other items involved herein, are essentially storage facilities, or used in connection with the storage of grain, and are not machines or implements used in manufacturing so as to be ''otherwise specified'' by the cited statutes.

Moreover, ''it is not the function of this court to substitute its judgment on factual issues for that of the Board of Tax Appeals. We are limited to a determination from the record whether the decision by the board is unreasonable or unlawful.'' *Citizens Financial Corp.* v. *Porterfield* (1971), 25 Ohio St. 2d 53, 57. The order of the Board of Tax Appeals being neither unreasonable nor unlawful, the judgment of the Court of Appeals, affirming classification of the items in question as real property for purposes of taxation, is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., PUTMAN, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

PUTMAN, J., of the Fifth Appellate District, sitting for HERBERT, J.