PITTSBURGH-DES MOINES STEEL COMPANY, APPELLEE,
*v.* LINDLEY, TAX COMMR., APPELLANT.

[Cite as Pittsburgh-Des Moines Steel Co. *v.* Lindley
(1982), 1 Ohio St. 3d 15.]

(No. 81-1270—Decided July 7, 1982.)

*Messrs. Emens, Hurd, Kegler & Ritter* and *Mr. William W. Milligan,* for appellee.

*Mr. William J. Brown,* attorney general, and *Mr. James C. Sauer,* for appellant.

*Per Curiam.* R.C. 5741.02 provides, in pertinent part:

"(A) For the use of the general revenue fund of the state, an excise tax is

hereby levied on the storage, use, or other consumption in this state of *tangible personal property,* as follows: \*\*\*." (Emphasis added.)

The fundamental question presented is whether the subject tanks constitute "tangible personal property" for purposes of taxation. While R.C. Chapters 5739 and 5741 do not specifically define real property or tangible personal property for purposes of taxation, R.C. Chapter 5701 does contain definitions applicable to the cause *sub judice.*

R.C. 5701.02 provides, in pertinent part:

"As used in Title LVII of the Revised Code, *'real property' and 'land' include land itself* \*\*\* *and unless otherwise specified, all buildings, structures, improvements, and fixtures of whatever kind on the land,* and all rights and privileges belonging or appertaining thereto." (Emphasis added.)

R.C. 5701.03 provides, in pertinent part:

"As used in Title LVII of the Revised Code, *'personal property' includes every tangible thing* which is the subject of ownership \*\*\* and *not forming part of a parcel of real property, as defined in section 5701.02 of the Revised Code."* (Emphasis added.)

Thus, our inquiry narrows to a determination of the reasonableness and lawfulness of the board's decision concluding that the tanks constitute "structures \*\*\* on the land."

The commissioner asserts the board erred in concluding that the completed tanks constitute "structures" on and becoming a part of real property and suggests we reevaluate the decision of the board in light of our previous decisions in *Zangerle* v. *Standard Oil Co.* (1945), 144 Ohio St. 506 [30 O.O. 151], and *Standard Oil Co.* v. *Zangerle* (1945), 144 Ohio St. 523 [30 O.O. 158]. Conversely, appellee urges that our decision in *Bobb Bros.* v. *Bd. of Revision* (1976), 45 Ohio St. 2d 81 [74 O.O. 2d 195], is dispositive of the issue raised in this appeal.

After an examination and review of the record in this cause, this court agrees with appellee that *Bobb Bros., supra,* governs the issue raised. Therein, we reviewed a decision of the board concluding that concrete and metal grain storage silos should be classified as real property for purposes of taxation. We stated, at pages 81-82:

"The property in question is personalty, as defined by this court in *Zangerle* v. *Standard Oil Co.* (1945), 144 Ohio St. 506 [30 O.O. 151]; *Standard Oil Co.* v. *Zangerle* (1945), 144 Ohio St. 523 [30 O.O. 158]; and *Zangerle* v. *Republic Steel* (1945), 144 Ohio St. 529 [30 O.O. 160]. That property, however, may be treated as realty for purposes of taxation. *Reed* v. *Bd. of Revision* (1949), 152 Ohio St. 207 [40 O.O. 217]; *Shutter Bug* v. *Kosydar* (1974), 40 Ohio St. 2d 99 [69 O.O. 2d 487]. In *Shutter Bug,* we held:

" 'Even if a structure or building located on land is personal property, such structure or building will, for purposes of taxation, be included within the definition of 'real property' as that term is defined in R.C. 5701.02, unless the General Assembly has otherwise specified.' "

After determining that the tanks were "structures"[3] located on land, the board searched for an exception pursuant to the "otherwise specified" language contained in R.C. 5701.02. The only possible exception was contained in R.C. 5711.22(E)[4] which provided, in part:

"Personal property used in business, shall be listed *** as follows:

"All engines, machinery, tools, and implements of a manufacturer mentioned in section 5711.16 of the Revised Code ***."

R.C. 5711.16 provides, in pertinent part:

"A person who purchases, receives, or holds personal property for the purpose of adding to its value by manufacturing, refining, rectifying, or combining different materials with a view of making a gain or profit by so doing is a manufacturer.***

"*** A manufacturer shall also list all engines and machinery, and tools and implements, of every kind used, or designed to be used *** by such manufacturer."

After examining the aforementioned sections of the Revised Code, the board concluded:

"In substance and effect, the subject tanks are used as a storage 'structure,' and are not 'engines, machinery, tools, and implements of a manufacturer,' in terms of R.C. 5711.22(E) and related statutory provisions. The tanks are essentially storage facilities, or used in connection with the storage of various liquids, and are not machines or implements used in manufacturing so as to be 'otherwise specified' *** [within the context of] R.C. 5701.02."

This conclusion is fully supported by the record and, further, is entirely consistent with *Bobb Bros.*, wherein it was stated at pages 83-84:

" 'Secondly, it is difficult to consider the structures as 'machines' since, basically, there is a storing function with no moving parts. Certainly, they bear little resemblance to the machines as considered in prior adjudications.***'

"*** The grain silos and the elevator and other items involved herein, are essentially storage facilities, or used in connection with the storage of grain, and are not machines or implements used in manufacturing so as to be 'otherwise specified' by the cited statutes [R.C. 5711.22(E) and 5711.16]." See, also, *Ohio Farmers Grain Corp.* v. *Bd. of Revision* (1976), 45 Ohio St. 2d 85 [74 O.O. 2d 197].

We have consistently held that "it is not the function of this court to substitute its judgment on factual issues for that of the Board of Tax Appeals. We are limited to a determination from the record whether the decision reached by the board is unreasonable or unlawful." *Citizens Financial Corp.*

---

[3] The commissioner urges this court to set forth a "bright line" test applicable to "structures," as that term is employed in R.C. 5701.02. We reject this invitation on the basis that such a definition should emanate from the General Assembly.

[4] R.C. 5711.22(E) was repealed after the subject assessment by Am. Sub. H.B. No. 920, effective October 11, 1976 (136 Ohio Laws 3182, 3244).

v. *Porterfield* (1971), 25 Ohio St. 2d 53, 57 [54 O.O. 2d 191, 193]; *Hawthorn Mellody* v. *Lindley* (1981), 65 Ohio St. 2d 47, 49 [19 O.O. 3d 234, 236].

For the foregoing reasons, we conclude that the decision of the Board of Tax Appeals is reasonable and lawful and, accordingly, it is hereby affirmed.

*Decision affirmed.*

W. BROWN, Acting C.J., MILLIGAN, SWEENEY, LOCHER, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.

MILLIGAN, J., of the Fifth Appellate District, sitting for CELEBREZZE, C.J.