BOTKINS GRAIN & FEED COMPANY, APPELLEE, *v.*
LINDLEY, TAX COMMR., APPELLANT.

[Cite as Botkins Grain & Feed Co. *v.* Lindley (1982), 1 Ohio St. 3d 64.]

(No. 81-1725—Decided July 21, 1982.)

*Garmhausen, Kerrigan, Elsass & Co., L.P.A., Mr. Eugene P. Elsass, Mr. James R. Shenk* and *Mr. Ralph F. Keister,* for appellee.

*Mr. William J. Brown,* attorney general, and *Mr. Charles M. Steines,* for appellant.

BROGAN, J. The sole issue in this cause is whether appellee is a construction contractor with respect to the sales of livestock capsules.

R.C. 5741.02(A) imposes an excise tax "on the storage, use or other consumption in this state of tangible personal property." However, pursuant to R.C. 5741.02(C)(2), this tax is not applicable to property, the acquisition of which, if made in this state, would not be subject to the tax levied upon retail sales under R.C. Chapter 5739.

Generally, as provided by R.C. 5739.01(E), those sales in which the consumer's purpose is to "resell the thing transferred in the form in which the same is, or is to be, received by him" are excluded from the definition of "retail sale."[5]

However, R.C. 5739.01(B) establishes in pertinent part that:

"***a construction contract pursuant to which tangible personal property is or is to be incorporated into a structure or improvement on and becoming a

---

[5] Further, R.C. 5739.02(B)(17) provides that the excise tax on retail sales does not apply to:

"Sales to persons engaged in farming, agriculture, horticulture, or floriculture, of tangible personal property for use or consumption directly in the production by farming, agriculture, horticulture, or floriculture of other tangible personal property for use or consumption directly in the production of tangible personal property for sale by farming, agriculture, horticulture, or floriculture; or material and parts for incorporation into any such tangible personal property for use or consumption in production; and of tangible personal property for such use or consumption in the conditioning or holding of products produced by and for such use, consumption, or sale by persons engaged in farming, agriculture, horticulture, or floriculture except where such property is incorporated into real property."

part of real property is not a sale of such tangible personal property, and the construction contractor is the consumer thereof."[6]

As applied to the present cause, clearly, the concrete pad constituted "a structure or improvement on and becoming part of real property." Thus, we must consider whether the contracts between appellee and the farmers were construction contracts pursuant to which the livestock capsules were incorporated into the concrete pad.

Appellant insists that this cause is controlled by R.C. 5701.02, which provides:

"As used in Title LVII of the Revised Code, 'real property' and 'land' include land itself, *** all growing crops ***, and *unless otherwise specified,* all buildings, structures, improvements, and fixtures of whatever kind on the land, and all rights and privileges belonging or appertaining thereto." (Emphasis added.)

G.C. 5322, the predecessor of R.C. 5701.02, was considered by this court in *Reed* v. *Bd. of Revision* (1949), 152 Ohio St. 207 [40 O.O. 217]. Therein, the owners of certain cottages erected on land leased from the state contended that the cottages wrongfully had been classified as real property by a county auditor. However, this court determined:

"Even if a structure or building located on land is personal property, such structure or building will, for purposes of taxation, be included within the definition of 'real property' as that term is defined in Section 5322, General Code, unless the General Assembly has otherwise specified." *Reed, supra,* at paragraph three of the syllabus.

Further, in *Shutter Bug, Inc.* v. *Kosydar* (1974), 40 Ohio St. 2d 99 [69 O.O.2d 487], the Tax Commissioner contested a finding by the Board of Tax Appeals that small buildings located on shopping center or bowling alley parking lots from which the owners conducted the business of selling and merchandising photographic film, equipment and processing services were taxable to the owners as real property. Approving and following the rationale of *Reed,* this court affirmed the board's order that the buildings be deleted from a per-

---

[6] Ohio Adm. Code 5703-9-14, adopted under the authority granted to the Tax Commissioner under R.C. 5703.05(M), provides a further explanation of the definition of construction contract as follows:

"A construction contract is any agreement, written or oral, whether on a time and material basis or lump sum basis, pursuant to which tangible personal property is or is to be incorporated into a structure or improvement to real property so as to become a part thereof without regard to whether it is new construction, maintenance, or repair. A construction contractor is any person who performs such agreement, whether as a prime or a subcontractor.

"In determining when the improvement into which tangible personal property is incorporated constitutes real property it shall be considered that improvements devoted to the general use of the land or buildings thereon are real property and improvements devoted principally to a business function or use shall be considered as personal property. ***"

sonal property tax assessment against the owners thereof. See *Bobb Brothers* v. *Bd. of Revision* (1976), 45 Ohio St. 2d 81 [74 O.O.2d 195].[7]

In the present case, the board determined that the capsules as located on a farmer's property, under the reasoning of *Shutter Bug,* must be considered real property. However, the board reasoned that the services performed by appellee upon delivery of a capsule were insufficient to classify appellee as a construction contractor nor did the evidence establish the agreements between appellee and the farmers constituted construction contracts.

In view of the fact that the capsules must be treated as real property while on the pad, appellant maintains that appellee contracts to incorporate the capsules into an improvement to real property, *i.e.,* the concrete pad.

We disagree. Incorporation requires more than mere presence on real property. This court previously has held that the term "incorporation," as used in R.C. 5739.02(B)(13), requires physical affixation to the relevant improvement. *Al Johnson Constr. Co.* v. *Kosydar* (1975), 42 Ohio St. 2d 29 [71 O.O.2d 16]; *Wantz Construction Co.* v. *Kosydar* (1974), 38 Ohio St. 2d 277 [67 O.O.2d 346]. We perceive no basis for excluding such requirement from the term "incorporated" as used in the construction contract provision found in R.C. 5739.01(B).

Clearly, the capsules in the present cause were not affixed to the concrete pad. Physical affixation contemplates more than the connection of utility lines. Therefore, we hold that the livestock capsules sold by appellee were not incorporated into the concrete pad. Appellee cannot be considered the consumer with respect to these structures.

Accordingly, the decision of the board is neither unreasonable nor unlawful and must be affirmed.

*Decision affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, VICTOR, HOLMES and KRUPANSKY, JJ., concur.

VICTOR, J., of the Ninth Appellate District, sitting for LOCHER, J.
BROGAN, J., of the Second Appellate District, sitting for C. BROWN, J.

---

[7] In *Bobb Brothers, supra,* certain silos, a grain elevator and other items, which did constitute personal property, were treated as real property for purposes of taxation against the owners of the property, pursuant to R.C. 5701.02. Therein, this court rejected the contention that such facilities were machines or implements used in manufacturing so as to be "otherwise specified" under R.C. 5711.22(E).