GREEN CIRCLE GROWERS, INC., F.K.A. GREAT LAKES GROWERS, INC., APPELLANT, *v.* LORAIN COUNTY BOARD OF REVISION ET AL., APPELLEES.

[Cite as Green Circle Growers, Inc. *v.* Lorain Cty. Bd. of Revision (1988), 35 Ohio St. 3d 38.]

(No. 86-1809—Decided January 13, 1988.)

*Fred Siegel Co., L.P.A., Fred Siegel, Wayne E. Petkovic* and *Karen Bauernschmidt,* for appellant.

*Gregory A. White,* prosecuting attorney, and *Alan W. Anderson,* for appellees.

HERBERT R. BROWN, J. Real property is defined in R.C. 5701.02 which provides:

"As used in Title LVII of the Revised Code, 'real property' and 'land' include land itself, whether laid out in town lots or otherwise, all growing crops, including deciduous and evergreen trees, plants, and shrubs, with all things contained therein, and, unless otherwise specified, all buildings, structures, improvements, and fixtures of whatever kind on the land, and all rights and privileges belonging or appertaining thereto."

The appellees claim that the greenhouses are structures on the land. The taxpayer argues that the greenhouses are "implements" used in the pursuit of horticulture. We find the greenhouses to be structures and hold in favor of the appellees.

The case presents a question of statutory construction. The definition of real property for taxation is governed by R.C. 5701.02. The statutory definition deviates from the traditional common-law distinction between realty and personalty. As we held in *Shutter Bug* v. *Kosydar* (1974), 40 Ohio St. 2d 99, 69 O.O. 2d 487, 321 N.E. 2d 239:

"Even if a structure or building located on land is personal property, such structure or building will, for purposes of taxation, be included within the definition of 'real property' as that term is defined in R.C. 5701.02, unless the General Assembly has otherwise specified."

Clearly these greenhouses are structures erected upon the taxpayer's real estate. They are attached to the realty by placement of metal sleeves into post holes anchored in concrete.

The decision reached by the Board of Tax Appeals follows a growing line of precedent. *Pittsburgh-Des Moines Steel Co.* v. *Lindley* (1982), 1 Ohio St. 3d 15, 1 OBR 39, 437 N.E. 2d 302 (storage tanks which rest on a prepared foundation and which are utilized to store oil, chemicals and gasoline); *Bobb Bros.* v. *Bd. of Revision* (1976), 45 Ohio St. 2d 81, 74 O.O. 2d 195, 341 N.E. 2d 573 (concrete and metal silos used to store grain); *Shutter Bug, supra* (small kiosks placed on shopping center and bowling alley parking lots and used to conduct the business of selling film and film processing services); *Parkbrook Golf Corp.*

v. *Donahue* (1966), 6 Ohio St. 2d 198, 35 O.O. 2d 311, 217 N.E. 2d 211 (storage supply building, lighting, stone walkways, fencing and a watering system utilized in a miniature golf course operation); *Reed* v. *Cty. Bd. of Revision* (1949), 152 Ohio St. 207, 40 O.O. 217, 88 N.E. 2d 701 (a cottage erected on land leased from the state).

Accordingly we hold that a greenhouse attached to metal pipes which are imbedded in concrete is a structure and therefore defined as real property under R.C. 5701.02 for the purpose of ad valorem real estate taxation. The decision of the Board of Tax Appeals was neither unreasonable nor unlawful, and we affirm.

*Decision affirmed.*

MOYER, C.J., SWEENEY, LOCHER, DOUGLAS and WRIGHT, JJ., concur.

HOLMES, J., dissents.