UNIVERSAL OIL COMPANY, APPELLEE, *v.* LIMBACH, TAX COMMR., APPELLANT.

[Cite as *Universal Oil Co. v. Limbach* (1992), 63 Ohio St.3d 476.]

(No. 91–302—Submitted December 12, 1991—Decided April 15, 1992.)

*Benesch, Friedlander, Coplan & Aronoff, David W. Neel* and *Jeffry L. Weiler,* for appellee.

*Lee I. Fisher,* Attorney General, *Richard C. Farrin* and *M. Linda Weigand* and *Richard C. Farrin,* for appellant.

---

*Per Curiam.* The BTA found that the storage tanks in issue constituted "structures * * * on the land" and were excepted from taxation under R.C. 5739.02.

This same issue was before us in *Pittsburgh–Des Moines Steel Co. v. Lindley* (1982), 1 Ohio St.3d 15, 1 OBR 39, 437 N.E.2d 302, where we observed, at 16, 1 OBR at 40, 437 N.E.2d at 303:

"Thus, our inquiry narrows to a determination of the reasonableness and lawfulness of the board's decision concluding that the tanks constitute 'structures * * * on the land.'" There, as here, the commissioner asserted BTA error in finding that the tanks were structures and suggested that the matter be re-evaluated in light of *Zangerle v. Standard Oil Co.* (1945), 144 Ohio St. 506, 30 O.O. 151, 60 N.E.2d 52, and subsequent cases. See, also, *Teaff v. Hewitt* (1853), 1 Ohio St. 511. As in *Pittsburgh–Des Moines, supra,* we reject that argument.

The storage tanks here are "structures"; they are "real property" and not "personal property." R.C. 5701.02, now 5701.02(A), provided:

"As used in Title LVII of the Revised Code, 'real property' and 'land' include land itself * * *, and, unless otherwise specified, all buildings, structures, improvements, and fixtures of whatever kind on the land, and all rights and privileges belonging or appertaining thereto."

R.C. 5701.03 provides:

"As used in Title LVII of the Revised Code, 'personal property' includes every tangible thing which is the subject of ownership * * * and not forming part of a parcel of real property, as defined in section 5701.02 of the Revised Code."

In *Pittsburgh–Des Moines, supra,* we stated that *Bobb Bros. v. Bd. of Revision* (1976), 45 Ohio St.2d 81, 74 O.O.2d 195, 341 N.E.2d 573, "governs the issue raised"; " '[t]he property in question is personalty, as defined by this court * * *' "; and "[i]n *Shutter Bug* [*v. Kosydar* (1974), 40 Ohio St.2d 99, 69 O.O.2d 487, 321 N.E.2d 239], we held: ' "Even if a structure or building located on land is personal property, such structure or building will, for purposes of taxation, be included within the definition of 'real property' as that term is defined in R.C. 5701.02, unless the General Assembly has

otherwise specified." ' " *Id.*, 1 Ohio St.3d at 16, 1 OBR at 40, 437 N.E.2d at 303–304. Finally, we approved the BTA's conclusion: " ' * * * The tanks are essentially storage facilities, or used in connection with the storage of various liquids, and are not machines or implements used in manufacturing so as to be "otherwise specified" * * * [within the context of R.C. 5701.02].' " *Id.* at 17, 1 OBR at 41, 437 N.E.2d at 304. See, also, *Rotek, Inc. v. Limbach* (1990), 50 Ohio St.3d 81, 82–83, 552 N.E.2d 640, 641–642, and *Thomas Steel Strip Corp. v. Limbach* (1991), 61 Ohio St.3d 340, 575 N.E.2d 114.

By statutory definition and by judicial decision, sales or use tax does not apply to Universal Oil's purchase of these storage tanks because the tanks were "structures." Having thus determined that the decision of the BTA was not unreasonable or unlawful, it is not necessary for us to consider the alternate argument advanced by appellee as a basis for sustaining the decision of the BTA.

Accordingly, the decision of the BTA is affirmed.

*Decision affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.