METAMORA ELEVATOR COMPANY, APPELLEE, *v.* FULTON
COUNTY BOARD OF REVISION ET AL., APPELLANTS.

[Cite as *Metamora Elevator Co. v. Fulton Cty. Bd. of Revision*, 143 Ohio St.3d 359, 2015-Ohio-2807.]

(No. 2014-0874—Submitted May 20, 2015—Decided July 15, 2015.)

O'DONNELL, J.

{¶ 1} The Metamora Elevator Company filed complaints with the Fulton County Board of Revision ("BOR"), alleging that the grain storage bins on its property assessed by the county auditor as real property for tax purposes should be classified as personal property not subject to real estate tax. The complaints sought removal from the tax assessment of all property value associated with the grain storage bins.

{¶ 2} After conducting a hearing, the BOR declined to change the assessment. Metamora appealed that decision to the Board of Tax Appeals ("BTA"), which determined the storage bins were temporary structures and held they should be classified as personal property, and therefore reversed the BOR. On appeal to this court, the Fulton County auditor and the BOR (collectively, "the county") contend that the BTA misapplied the statutes when it found that the grain storage bins were personal property. Our review reveals that in 1992, the General Assembly added "business fixtures" as a category of personal property

and expressly included storage bins in that category. Because of that statutory change, we affirm the decision of the BTA.

## FACTUAL BACKGROUND

{¶ 3} The subject property consists of eight acres of land containing silos, storage bins, tanks, and buildings used to process and store grain. On March 29, 2010, Metamora filed separate complaints with the Fulton County Board of Revision, seeking to reduce the property value of two parcels from $2,022,600 to $1,514,070 and to remove the storage bins from the real property assessment, claiming that they are business fixtures. The BOR conducted a hearing, and at that time, Metamora orally amended its complaints to seek a further reduction of the real estate value to $820,740.

{¶ 4} At the hearing before the BOR, Daniel Dembowski testified on behalf of the property owner, urging, along with counsel, that the storage bins are being improperly taxed as real property because they are business fixtures. He explained that on the company's books, the bins are classified as equipment items. In the past, because personal property used in business was generally taxable, the owner made no effort to correct the county's classification of the bins from real property to personal property; but the phase-out of the general personal property tax made it important to obtain the proper classification.

{¶ 5} When explaining photographs of the premises, Dembowski distinguished the concrete silo structures from the corrugated metal storage bins. He conceded that the former are permanent and constitute realty. By contrast, he asserted, the storage bins are modular units of corrugated sheeting bolted down in concrete foundations which can be and sometimes have been disassembled and reassembled, and he stated that Metamora has sold and removed bins in the past.

{¶ 6} The BOR rejected the taxpayer's claim, leaving the assessed valuation unchanged. Metamora then appealed the decision of the BOR to the BTA with respect to only one of the two parcels—a parcel with an initial assessment of $1,833,600 and a requested reduction to a value of $1,435,970. The BTA determined that the grain storage bins were personal rather than real property and therefore reversed the decision of the BOR and determined that the true value of the subject property was $738,240, which it derived from the auditor's original value of $1,833,600 less the auditor's value of the storage bins of $1,095,360.

{¶ 7} In its analysis, the BTA applied *Funtime, Inc. v. Wilkins,* 105 Ohio St.3d 74, 2004-Ohio-6890, 822 N.E.2d 781, stating:

> It is undisputed by the parties that the Supreme Court's holding in *Funtime,* supra, guides our analysis of the two statutes at issue, i.e., R.C.

5701.02 and R.C. 5701.03. In that case, the court articulated very specific instructions when reading the statutes:

"first, determine whether the item meets the requirements of one of the statutory definitions of real property set forth in R.C. 5701.02. If the item does not, then it is personal property. If the item fits a statutory definition of real property in R.C. 5701.02, it is real property unless it is 'otherwise specified' in R.C. 5701.03. If an item is 'otherwise specified' under R.C. 5701.03, it is personal property."

Thus, we must first determine whether the grain storage bins meet one of the statutory definitions for real property set forth in [R.C.] 5701.02.

(Footnote omitted.) BTA No. 2011–1854, 2014 WL 2708166, *1–2 (May 2, 2014), quoting *Funtime* at ¶ 33.

{¶ 8} The BTA reviewed the statutory definitions of "structure" and "fixture" related to real property, both of which refer to the "permanent" character of the item or the permanency of its attachment to the land. It then made a specific finding that "the grain storage bins at issue are not permanent, but temporary structures." *Id.* at *2. Based on that finding, the BTA concluded that the grain storage bins did not come within the definition of real property in the first instance and thus failed the first prong of the *Funtime* test.

{¶ 9} And in footnote 7 of its opinion, the BTA stated: "Even if we had found that the storage grain bins were real property under R.C. 5701.02, we would have found that they meet the definition of 'business fixture' under R.C. 5701.03(B) because it is a category specifically enumerated in the statute." The BTA summarized the testimony to the effect that the storage bins "were modular, not permanent, they can be removed and sold, and they can be disassembled for repair and subsequently reassembled." Id. at *1.

{¶ 10} In accordance with its holding, the BTA removed the storage bins from the assessment by subtracting from the auditor's total valuation of $1,833,600 the amount of value computed by the auditor that was attributable to the bins— $1,095,360. The BTA therefore adopted a real property value of $738,240.

{¶ 11} The county appealed that decision to this court.

## CLAIMS OF THE LITIGANTS

{¶ 12} The county advances two propositions of law in support of its claim that the grain storage bins are real rather than personal property.

{¶ 13} First, that a building or structure on the land is a permanent fabrication or construction that is attached or affixed to land and that increases or enhances utilization or enjoyment of the land, and constitutes an improvement on the land

under Article XII, Section 2 of the Ohio Constitution, and must be taxed as real property.

{¶ 14} Second, that a building or structure that constitutes a fabrication or construction on the land cannot be a fixture under R.C. 5701.02(C) because a fixture is a discrete and preexisting chattel or item of personal property that is brought to the land and that is then attached or affixed to land.

{¶ 15} These arguments rely on the constitutional term "improvements," which the county asserts is controlling because, it contends, the storage bins are improvements. Thus, it argues under the first proposition of law that "[a]ll classification cases depend upon what constitutes an 'improvement' under Article XII, Section 2 of the Ohio Constitution" and under the second proposition of law that "any attempt by the General Assembly to classify constitutional 'improvements,' such as a fixture or a structure, as personal property simply because the fixtures might be used in business would be unconstitutional."

{¶ 16} The county views the statutes as subordinate to an underlying constitutional definition of "improvements," which it claims must guide the reading of the statutes. From that perspective, it contends that the grain storage bins are not "preexisting chattel" because they require assembly on site, are affixed at the site, and provide shelter for grain, which, the county claims, are characteristics of an improvement to land.

{¶ 17} In opposition, Metamora urges that the grain storage bins are "impermanent" and therefore "do not meet any of the definitions of real property" contained in R.C. 5701.02 and "even if they did, they are 'otherwise specified' as business fixtures" by explicit statutory language in R.C. 5701.03(B).

{¶ 18} Thus, we are called upon to determine whether the storage bins at issue are fixtures or improvements subject to real property tax or whether they are business fixtures and should be classified as personal property and, therefore, not subject to real property tax.

### STANDARD OF REVIEW

{¶ 19} In this case, we consider the provisions of R.C. 5701.02 and 5701.03 as applied to undisputed facts; therefore, this case presents a question of law and our review is de novo. *See Akron Centre Plaza, L.L.C. v. Summit Cty. Bd. of Revision*, 128 Ohio St.3d 145, 2010-Ohio-5035, 942 N.E.2d 1054, ¶ 10.

### DISPOSITION

*The term "business fixtures" includes storage bins*

{¶ 20} Historically, the distinction between fixtures that were real property and fixtures that were personal property was elusive. *Compare Zangerle v. Std. Oil Co. of Ohio*, 144 Ohio St. 506, 60 N.E.2d 52 (1945) (machinery fixed in place as

part of an oil refinery constituted personal property because it was devoted primarily to the business conducted on the premises) and *Roseville Pottery, Inc. v. Muskingum Cty. Bd. of Revision,* 149 Ohio St. 89, 77 N.E.2d 608 (1948) (kilns that were 245 to 340 feet long and installed on cement slabs in solid connection with floors of the buildings in which the kilns were housed were personal property because they were primarily devoted to the business conducted) *with Parkbrook Golf Corp. v. Donahue,* 6 Ohio St.2d 198, 217 N.E.2d 211 (1966) (miniature golf course watering system and fence were realty under the definition at R.C. 5701.02 and were therefore not taxable as personal property used in business), *Shutter Bug, Inc. v. Kosydar,* 40 Ohio St.2d 99, 321 N.E.2d 239 (1974) (photo services kiosk was a structure on the land and therefore realty rather than personal property for tax purposes), and *Green Circle Growers, Inc. v. Lorain Cty. Bd. of Revision,* 35 Ohio St.3d 38, 517 N.E.2d 899 (1988) (greenhouses consisting of prefabricated parts that were attached by bolts to metal pipes embedded in concrete at the location of their use were taxable as realty under definition of real property).

{¶ 21} In 1992, however, the General Assembly amended the definitions of "real property" and "personal property" in a manner that resolves that issue in this case. Sub.S.B. No. 272, 144 Ohio Laws, Part I, 1528 ("S.B. 272"). S.B. 272 harmonized the definition of "real property" in R.C. 5701.02 with the definition of "personal property" in R.C. 5701.03.

{¶ 22} R.C. 5701.02, relating to real property, defines real property in section (A) to include "land itself * * * and, unless otherwise specified in this section or section 5701.03 of the Revised Code, all buildings, structures, improvements, and *fixtures* of whatever kind on the land." (Emphasis added.)

{¶ 23} R.C. 5701.03, relating to personal property, defines *business fixture*:

> (B) "Business fixture" means an item of tangible personal property that has become permanently attached or affixed to the land or to a building, structure, or improvement, and that primarily benefits the business conducted by the occupant on the premises and not the realty. "Business fixture" includes, but is not limited to, machinery, equipment, signs, *storage bins* and tanks, whether above or below ground, and broadcasting, transportation, transmission, and distribution systems, whether above or below ground.

(Emphasis added.) It is apparent that the General Assembly has expressed its intent that fixtures are real property and that business fixtures are personal property, and it expressly stated that the term business fixtures includes storage bins.

{¶ 24} We should clarify that our decision in *Funtime*, 105 Ohio St.3d 74, 2004-Ohio-6890, 822 N.E.2d 781, does not necessarily require a two-step analysis with initial consideration given to the definition of "real property" in all instances. For example, in *Funtime* at ¶ 46 we stated:

> *Assuming for the purposes of discussion* that the Mind Eraser station house can be considered separate from the ride itself and can be separately classified as a building, we must still consider whether it is "otherwise specified." The definition of "business fixture" in R.C. 5701.03(B) includes "an item of tangible personal property that has become permanently attached or affixed to the land * * * and that primarily benefits the business conducted by the occupant on the premises and not the realty." The primary use of the Mind Eraser station house is to provide a way for patrons to enter and exit Mind Eraser. No use independent of the amusement-park business was shown for the Mind Eraser station house. Therefore, *even if we assume* that the Mind Eraser station house is a building as defined in R.C. 5701.02(B), it is "otherwise specified" in R.C. 5701.03(B) and must be classified as a business fixture.

(Emphasis added.) Thus, in *Funtime* we did not strictly apply the two-step analysis that we announced in ¶ 33 of that opinion. Notably, *Funtime* held that the amusement park rides in that case were business fixtures. *Id.* at ¶ 47.

{¶ 25} A business fixture is an item of tangible personal property that is permanently attached to the land or to a building, structure, or improvement and primarily benefits the business conducted on the premises. R.C. 5701.03(B). In promulgating R.C. 5701.03, the General Assembly has expressly defined the term "business fixture" to include storage bins, and therefore, they are personal property not subject to real property tax. And in clarifying its intent, the General Assembly expressly stated that the term business fixtures includes storage bins. Therefore, our analysis need go no further than to apply the expressed intent of the General Assembly to the undisputed facts of this case.

### The constitutional argument

{¶ 26} The county urges that the statutes must be read and applied in line with the meaning of the word "improvement" as used in Article XII, Section 2 of the Ohio Constitution, and it relies on cases from the 1940s for that interpretation. It argues that under those cases, storage bins are improvements. These cases, however, reveal that its position is incorrect.

{¶ 27} In *Roseville Pottery*, 149 Ohio St. 89, 77 N.E.2d 608, the kilns at issue ranged from 245 to 340 feet long, were installed "on cement slabs in solid

connection with floors of the buildings in which the kilns [were] located," had tracks in them so items could be moved through them during production, and "c[ould] be removed and taken to other locations." *Id.* at 91–92, 102. To be removed, however, the kilns had to be "knocked down." *Id.* at 92. Those kilns must have been assembled and disassembled on site—much like the grain bins at issue here.

{¶ 28} We determined in *Roseville* that the kilns were personal property—and we did so after acknowledging that if the statutes defining real and personal property conflicted with the Constitution, the Constitution would prevail. In holding that the kilns were personal property, we stated that the controlling features were that the kilns were "peculiarly adapted to the businesses they serve" and they could be "removed and taken to other locations." *Id.* at 102. Thus, contrary to the constitutional improvement argument being advanced by the county in this case, in *Roseville* we based our decision on the fact that the property related more to the particular business being conducted at the plant than to the real estate where the property had been installed.

{¶ 29} The General Assembly's enactment of the "business fixture" definition in 1992 relies upon the very same distinction when it places items in the category of personal property based on their "primarily benefit[ting] the business conducted by the occupant on the premises and not the realty." R.C. 5701.03(B). It follows that the definition of "business fixture" rests on a sound constitutional basis, justifying our reliance on it.

### CONCLUSION

{¶ 30} R.C. 5701.03(B), which relates to personal property, defines a business fixture as an item of tangible personal property that has become permanently attached or affixed to the land or to a building, structure, or improvement and that primarily benefits the business conducted by the occupant on the premises and not the realty.

{¶ 31} There is no dispute that the items at issue in this case are storage bins, and the General Assembly expressly stated that the term "business fixture" includes storage bins as personal property. For these reasons, we affirm the decision of the BTA.

Decision affirmed.

O'CONNOR, C.J., and PFEIFER, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

---

Bricker & Eckler, L.L.P. and Jonathan T. Brollier, for appellee.

Rich & Gillis Law Group, L.L.C., Kelley A. Gorry, and James R. Gorry, for appellants.

Chad A. Endsley, Leah F. Curtis, and Amy M. Milam, urging affirmance for amici curiae Ohio Farm Bureau Federation, Inc., and Fulton County Farm Bureau.

Kohrman, Jackson & Krantz, Luther L. Liggett Jr., and David M. Scott, urging affirmance for amicus curiae Central Ohio Farmers Co–Op.

Barrett, Easterday, Cunningham & Eselgroth, L.L.P., David C. Barrett Jr., Kristi Kress Wilhelmy, and Amanda J. Stacy, urging affirmance for amicus curiae Ohio AgriBusiness Association.