174

Gennaro Pavers, Inc., Appellee, *v.* Kosydar, Tax Commr., Appellant.

(No. 73-862—Decided May 15, 1974.)

*Messrs. McLaughlin, DiBlasio & Harshman,* for appellee.

*Mr. William J. Brown* and *Mr. John C. Duffy, Jr.,* for appellant.

*Per Curiam.* The only issue presented to this court by the Tax Commissioner is that "a Court of Appeals does not have authority to remand a case to the Board of Tax Appeals for rehearing on the merits."

In *Fiddler* v. *Bd. of Tax Appeals* (1942), 140 Ohio St. 34, an appeal from the Board of Tax Appeals involving the valuation of real estate, the Supreme Court found the decision of the board to be unreasonable, and reversed the decision and remanded the cause to the board for revaluation. The syllabus of *Fiddler* reads:

"Upon appeal from a decision of the Board of Tax Appeals, when it is found from a consideration of the record that the tax valuation placed upon a parcel of Ohio real estate is unreasonable, the decision of the Board of Tax Appeals will be reversed and the cause remanded for revaluation."

G. C. 5611-2, under which the appeal to the Supreme Court was taken in *Fiddler*, is the predecessor of R. C. 5717.-

04, the appeal statute in this case. The language of the two sections is virtually identical.[1]

It should be noted that R. C. 5717.04 does not deny to the Court of Appeals the power to remand a cause to the Board of Tax Appeals in the event the board's decision is found to be unreasonable or unlawful, except where a modification of the board's order is made.

See, also, *Floyd* v. *Mfgrs. Light & Heat Co.* (1924), 111 Ohio St. 57, where the Court of Common Pleas reversed a decision of the Tax Commission and remanded the cause for further proceedings. The Tax Commission appealed, claiming that the Court of Common Pleas committed error in remanding the cause. The Supreme Court affirmed, saying that, in a proceeding under G. C. 5611-2,[2] "the Court of Common Pleas, in its discretion, might either make a finding of value and render final judgment *or reverse and remand.*" (Emphasis added.)

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

---

[1]G. C. 5611-2 (118 Ohio Laws 344, 355), relied upon in *Fiddler*, in pertinent part, read:

"* * * if * * * the Supreme Court is of the opinion that such decision of the Board of Tax Appeals is unreasonable or unlawful, it shall reverse and vacate same or it may modify same * * *."

R. C. 5717.04, in pertinent part, reads:

"If * * * the court [Supreme Court or Court of Appeals] decides that such decision of the board is unreasonable or unlawful, the court shall reverse and vacate the decision or modify it * * *."

[2]Jurisdiction to hear the appeal from the Tax Commission was conferred upon the Court of Common Pleas by G. C. 5611-2 (107 Ohio Laws 550, 551), which contained appeal language similar to that in R. C. 5717.04.