ORLEY ET AL., APPELLANTS, v. KOSYDAR, TAX COMMR.,
APPELLEE.

(No. 74-210—Decided December 26, 1974.)

Mr. *Edward H. Stinson*, for appellants.
Mr. *William J. Brown*, attorney general, and *Mrs.
Maryann B. Gall*, for appellee.

*Per Curiam.* Appellants' sole argument before this
court is that the decision of the Board of Tax Appeals,
affirming the assessment order of the Tax Commissioner, is
unreasonable and unlawful because of the board's refusal
to issue the subpoena requested by appellants.

The Tax Commissioner argues that the failure of the
Board of Tax Appeals to issue the subpoena sought by
appellants, if error at all, "was a harmless error." We

98

do not agree. Appellants were entitled to have the witness they sought to subpoena present at the hearing before the board. Accordingly, we find the decision of the Board of Tax Appeals to be unreasonable and unlawful.

The Tax Commissioner contends that "in the alternative [to this court's affirmance of the board's decision] the case should be remanded to the Board of Tax Appeals with instructions to issue a subpoena * * * and rehear the matter." He cites *Gennaro Pavers* v. *Kosydar* (1974), 38 Ohio St. 2d 174. Appellants reply that this court does not have jurisdiction to remand the cause to the board for rehearing, and that *Gennaro* is not authority therefor.

*Gennaro* involved, specifically, the narrow issue presented by the appellant whether "a Court of Appeals" has authority "to remand a case to the Board of Tax Appeals for rehearing on the merits." In *Gennaro*, this court affirmed the Court of Appeals' remand to the board for rehearing. In affirming, the Supreme Court said that "it should be noted that R. C. 5717.04 [which applies to the Supreme Court *and* the Court of Appeals] does not deny to the Court of Appeals the power to remand a cause to the Board of Tax Appeals in the event the board's decision is found to be unreasonable or unlawful."

*Fiddler* v. *Bd. of Tax Appeals* (1942), 140 Ohio St. 34, cited in *Gennaro*, involved an appeal from the Board of Tax Appeals to the Supreme Court. The Supreme Court held the decision of the board to be unreasonable, and *reversed* and *remanded* the cause to the board. In *Fiddler*, the appeal to the Supreme Court was pursuant to G. C. 5611-2, a predecessor of R. C. 5717.04, and, as this court pointed out in *Gennaro*, "the language of the two sections is virtually identical."

Therefore, the decision of the Board of Tax Appeals is reversed, and the cause is remanded to the board with instructions to issue the subpoena sought by appellants and conduct a rehearing.

*Decision reversed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.