FOTO FAIR INTERNATIONAL, INC., APPELLANT, *v.*
LINDLEY, TAX COMMR., APPELLEE.

[Cite as Foto Fair Intl., Inc., *v.* Lindley (1982), 2 Ohio St. 3d 34.]

(No. 82-64—Decided December 15, 1982.)

---

[1] Although the assessment included other items, only the taxable status of the kiosks has been appealed to this court.

*Messrs. Bricker & Eckler* and *Mr. Charles F. Glander,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Mark A. Engel,* for appellee.

*Per Curiam.* Appellant, in its notice of appeal submitted to the board, specifically objected to the assessment arguing the kiosks are exempt from sales tax pursuant to the "direct use" exemption contained in R.C. 5739.01(E)(2).[2] Following the reasoning expressed by the commissioner the board made two findings. First, the board determined the kiosks were affixed to realty and, therefore, they became realty. This reasoning is predicated upon our holding in *Shutter Bug* v. *Kosydar* (1974), 40 Ohio St. 2d 99 [69 O.O.2d 487]. Second, the board reasoned that appellant is a construction contractor and, as such, it was the consumer of the subject property.

R.C. 5739.01(B) provides, in part:

"* * * [A] construction contract pursuant to which tangible personal property is or is to be incorporated into a structure or improvement on and becoming a part of real property is not a sale of such tangible personal property, and the construction contractor is the consumer thereof * * *."

Pursuant to the authority provided under R.C. 5703.05(M), the commissioner has promulgated a rule in an attempt to define a "construction contract" and a "construction contractor." Ohio Adm. Code 5703-9-14 provides, in part:

"A construction contract is any agreement, written or oral, whether on a

---

[2] R.C. 5739.01 provides, in pertinent part:

"(E) 'Retail sale' and 'sales at retail' include all sales except those in which the purpose of the consumer is:

"* * *

"(2) * * * to use or consume the thing transferred * * * directly in making retail sales * * *."

time and material basis, or lump sum basis, pursuant to which tangible personal property is or is to be incorporated into a structure or improvement to real property so as to become a part thereof without regard to whether it is new construction, maintenance, or repair. *A construction contractor is any person who performs such an agreement, whether as a prime or a subcontractor.*" (Emphasis added.)

As stated earlier, the taxpayer purchased the kiosks directly from the manufacturer and, thereafter, made arrangements with independent contractors for their installation. Based on these facts, it cannot be said that appellant is a construction contractor for purposes of R.C. 5739.01(B) or Ohio Adm. Code 5703-9-14, since no construction contract existed obligating appellant to incorporate tangible personal property as an improvement to realty. See, *e.g., Botkins Grain & Feed Co.* v. *Lindley* (1982), 1 Ohio St. 3d 64, wherein this court concluded that a corporation engaged in the sale of livestock capsules was not a construction contractor within the purview of R.C. 5739.01(B) by simply affixing utility lines to the capsules.

In the case at bar, the taxpayer is further removed from the "construction contractor" classification than was the taxpayer in *Botkins, supra,* since appellant purchased the kiosks as tangible personal property, and then hired independent contractors to effectuate the installations. On this point, even the commissioner agrees, stating: "It may be that the Board incorrectly applied the statute [R.C. 5739.01(B)]. * * * The taxpayer clearly is the consumer of the kiosks because it purchased them as tangible personal property * * *."

Notwithstanding the board's decision, which we find manifestly unreasonable and unlawful, the commissioner argues that while the board's reasoning is "unclear," the board reached the proper result and its decision should be affirmed. At this juncture we emphasize that the board has yet to determine whether the kiosks are "used directly in making retail sales" and, therefore, whether they are exempt from sales and use taxes pursuant to R.C. 5739.01(E)(2). Moreover, it is firmly established that "* * * it is not the function of this court to substitute its judgment on factual issues for that of the Board of Tax Appeals. We are limited to a determination from the record whether the decision reached by the board is unreasonable or unlawful." *Citizens Financial Corp.* v. *Porterfield* (1971), 25 Ohio St. 2d 53, 57 [54 O.O.2d 191]. See, also, *3535 Salem Corp.* v. *Lindley* (1979), 58 Ohio St. 2d 210, 212 [12 O.O.3d 203]; *Hawthorn Mellody* v. *Lindley* (1981), 65 Ohio St. 2d 47, 49 [18 O.O.3d 234].

Both parties to the within appeal seek a determination on the taxable status of the kiosks in relation to the "direct use" exemption. To do so would constitute more than a substitution of judgment on factual issues for those of the board; it would be equivalent to this court acting as a trier of fact *de novo*. Therefore, pursuant to this court's authority under R.C. 5717.04 to remand a cause in the event the board's decision is unreasonable or unlawful, see *Gennaro Pavers* v. *Kosydar* (1974), 38 Ohio St. 2d 174 [67 O.O.2d 184], and *Orley*

v. *Kosydar* (1974), 40 Ohio St. 2d 97 [69 O.O.2d 486], the decision of the board is hereby reversed and remanded for consideration of the "direct use" exemption provided under R.C. 5739.01(E)(2).

*Decision reversed and cause remanded.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.