**CITY OF CLEVELAND, Appellant,**

**v.**

**LIMBACH, Tax Commr., Appellee.**

[Cite as *Cleveland v. Limbach* (1992), 78 Ohio App.3d 189.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 59722.

Decided Feb. 3, 1992.

Matia, C.J., filed dissenting opinion.

190

*Craig S. Miller*, Director of Law, *David S. Hoffman* and *Debra D. Golden*, Assistant Directors of Law, for appellant.

*Lee I. Fisher*, Attorney General, and *Richard C. Farrin*, Assistant Attorney General, for appellee.

ANN MCMANAMON, Judge.

The city of Cleveland ("city") timely appeals denial by the Board of Tax Appeals ("board") of the city's application for exemption from real property taxes. The city raises two assignments of error[1] based upon the board's failure to provide it a full evidentiary hearing upon a remand from this court.

It was the Board of County Commissioners ("county") which initially sought a real property tax exemption for parcels known as the "Highlandview Hospital" for the tax year 1985. The county was then the record title owner. On April 24, 1986, the Tax Commissioner denied the exemption based upon the recommendation of a hearing examiner. The county filed a timely appeal with the Board of Tax Appeals to which the city joined as *amicus curiae*. On January 6, 1988, the board conducted a hearing and, three months later, issued an order affirming the Tax Commissioner's denial of exemption. Thereafter, on May 6, 1988, the county filed the present appeal with this court.

While this matter was being litigated, a separate but related dispute as to title arose between the city and county. The city originally deeded the Highlandview Hospital to the county in 1949 with a reversionary clause to the city should the property no longer be used for hospital purposes. On February 10, 1986, the city filed a declaratory judgment action in common pleas court seeking title to the property under this clause. Although the

---

1. See Appendix.

common pleas court ruled in the county's favor, on appeal this court reversed, holding that title to the property properly reverted to the city.

After our remand, the common pleas court issued journal entries facilitating transfer of title to the city and setting October 1983 as the date of reversion.

As a result of these orders, and during pendency of the appeal in the instant case, the city filed motions for its substitution in place of the county and for remand of the matter to the board. This court granted both motions on July 21, 1989. Upon remand "for further proceedings" on November 24, 1989, the board ordered the substitution of the city for the county and, four months later, denied the city's application for exemption, thereby reaffirming its earlier order of April 24, 1986. It is from this decision that the city presently appeals.

Since both assignments of error argue that the board erred in failing to conduct an evidentiary hearing, we shall consider the issues jointly.

R.C. 5717.02 sets forth the appellate procedure from a final determination by the Tax Commissioner to the Board of Tax Appeals. It provides in part:

"Except as otherwise provided by law, appeals from final determinations by the tax commissioner of any preliminary, amended, or final tax assessments, reassessments, valuations, determinations, findings, computations, or orders made by the commissioner may be taken to the board of tax appeals by the taxpayer * * *.

"Upon the filing of a notice of appeal, the tax commissioner or the director, as appropriate, shall certify to the board a transcript of the record of the proceedings before him, together with all evidence considered by him in connection therewith.

"* * * The board may order the appeal to be heard upon the record and the evidence certified to it by the commissioner or director, but upon the application of any interested party the board shall order the hearing of additional evidence, and it may make such investigation concerning the appeal as it considers proper."

Pursuant to the statute, a further evidentiary hearing by the board is mandated only "upon the application of any interested party." The record is void of any attempt by the city to request the board to conduct a further evidentiary hearing or otherwise. The city appears now to claim the board failed to follow the appellate court's instruction that the cause be remanded for "further proceedings" in that such an order mandates *de novo* hearings. We disagree.

Our remand renewed the board's jurisdiction to substitute the city as applicant and to proceed within the framework of R.C. 5717.02.

The city's contention that it was not requesting "an additional evidentiary hearing" but rather "an evidentiary hearing in the first place" is not well taken. We also note that the record fails to disclose any attempt by the city to amend the original specification of errors contained in the commissioner's decision. The only issue ever raised, *i.e.*, the use of the property at the time in question, when it was in the possession and under the control of the county, has been adjudicated.

We conclude that, since the city did not make an application for a further evidentiary hearing as required under R.C. 5717.02, the board did not err in failing to conduct one. Moreover, by not making such a timely request, the city is now precluded from arguing the purported violation of its due process rights.

The first and second assignments of error are overruled and the decision of the board is affirmed.

*Decision affirmed.*

SPELLACY, J., concurs.

MATIA, C.J., dissents.

## APPENDIX

Appellant's assignments of error are:

### I

"The Board's decision to reaffirm its previous decision without further proceedings violates this court's order on remand to conduct further proceedings."

### II

"The Board's decision to deny the city's application for tax exemption without notice or hearing violates the city's right to due process."

MATIA, Chief Judge, dissenting.

I respectfully dissent from the decision as rendered by the majority. The majority's decision constitutes a triumph of form over substance, but more important it denies the appellant-city fundamental constitutional guarantees.

The instant appeal involves an application for exemption from real property taxation for the year 1985 with regard to Permanent Parcel No. 751-02-014. This real property was previously known as the "Highlandview Hospital."

Historically, the property has intermittently been owned by Cuyahoga County and the city of Cleveland.

The application for a tax exemption, as originally filed by the Board of Commissioners of Cuyahoga County, was rejected twice by the Board of Tax Appeals and ultimately resulted in an appeal to this court. While the appeal from the decision of the Board of Tax Appeals was pending before this court, title to the subject real property was transferred to the city pursuant to a separate proceeding in the court of common pleas. This court, ultimately, remanded the pending appeal to the Board of Tax Appeals with specific instructions to substitute the city for the Board of Commissioners of Cuyahoga County with regard to the requested tax exemption. In so doing, this court remanded the appeal for "further proceedings." Upon remand and without the benefit of an additional hearing, the Board of Tax Appeals merely affirmed the original denial of the tax exemption.

The Board of Tax Appeals, upon remand from this court, should have independently conducted a new hearing with regard to the requested tax exemption. By order of this court, the city was substituted as the party seeking a tax exemption with regard to the Highlandview Hospital real property for 1985. If a new hearing before the Board of Tax Appeals was not contemplated by this court, ordinary common sense dictates that the tax exemption appeal would *not* have been remanded to the Board of Tax Appeals. Instead, this court would have provided an immediate review of the original appeal as filed by the Board of Commissioners of Cuyahoga County and allowed an amendment of the filed assignments of error and briefs by the new party in interest, the city.

It should also be noted that R.C. 5717.02 provides no guidance to this court or the Board of Tax Appeals with regard to a remand which results in the substitution of an aggrieved party who is seeking a tax exemption. Accordingly, a new evidentiary hearing should have been provided by the Board of Tax Appeals to allow the presentation of new and additional arguments on the part of the city. Cf. *Superior Metal Products v. Admr. Bur. of Employment Services* (1975), 41 Ohio St.2d 143, 70 O.O.2d 263, 324 N.E.2d 179; *Gennaro Pavers v. Kosydar* (1974), 38 Ohio St.2d 174, 67 O.O.2d 184, 311 N.E.2d 516.

The failure of the Board of Tax Appeals to conduct an independent hearing has also deprived the city of its constitutional guarantee of due process and equal protection. As guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, Section 2, Article I of the Ohio Constitution, Section 16, Article I of the Ohio Constitution and Section 26, Article II of the Ohio Constitution, the city was entitled to due process of law and equal

protection.[1] In order to provide the city with due process and equal protection, the Board of Tax Appeals was required to conduct an independent hearing to allow the introduction of new and additional testimony and evidence. Such a hearing would *not* have hampered the proper administration of justice and certainly would have provided the city with the right to prosecute its claimed exemption. In addition, such an additional hearing would have better provided this court with a basis to review the correctness of the decision of the Board of Tax Appeals.

The case *sub judice* should be reversed and the matter remanded for an additional hearing which would allow the city to properly prosecute its claim of a tax exemption. Only through a new hearing will the city's constitutional guarantees of due process and equal protection be preserved.

---

1. This argument of a deprivation of constitutional guarantees of due process and equal protection does not run afoul of the recent decision as rendered by the Supreme Court of Ohio in *Avon Lake City School Dist. v. Limbach* (1988), 35 Ohio St.3d 118, 518 N.E.2d 1190. The Supreme Court of Ohio, in *Avon*, merely established that a political subdivision may not challenge the constitutionality of state *legislation* vis-a-vis a claim of a denial of due process or equal protection. Such is not the case herein where the city challenges the actual denial of due process and equal protection vis-a-vis a lack of a mandated hearing.