OPINION
Appellant, David J. Fallang, appeals a judgment by the Butler County Court of Common Pleas. The trial court affirmed a decision by appellee, the Butler County Board of Zoning Appeals ("BCBZA"), to reject appellant's request for a conditional use permit for his property. We reverse the common pleas court's decision and remand the matter for further proceedings.
Appellant owns a sixty-two acre farm in Madison Township, Butler County. Appellant rents approximately twenty acres for farming. On a section that is not farmable, appellant set up a field to play paint ball.[1] State Route 122 adjoins the property on one side.
In a letter dated November 9, 1995, appellant requested that he be allowed to have a commercial paint ball field on his property. Both parties agree that such a use would be a conditional use requiring BCBZA approval pursuant to Butler County Zoning Resolution Sec. 8.0301. Prior to his application for a conditional use permit, appellant had been using his property for private paint ball games. BCBZA's staff recommended in a report to BCBZA dated December 19, 1995 that appellant's request should be approved with some restrictions.
A hearing was held before BCBZA on January 16, 1996. According to Butler County Zoning Resolution Sec. 25.1, BCBZA is to be composed of five board members. Only three board members were present for appellant's hearing. Sec. 25.22 also states that three members of BCBZA constitute a quorum and that the concurring vote of three members shall be necessary "to decide in favor on [sic] an applicant in any matter of which [BCBZA] has original jurisdiction * * *."
At the hearing, appellant was allowed to present reasons why his request should be granted. Persons who were opposed to appellant's motion were also allowed to have an opportunity to voice their opinions at the hearing. After hearing both sides, two of the three board members voted to allow appellant's request, but one board member voted against appellant's request. With only two votes in favor of appellant's request, his request was denied. The one board member who voted against appellant's request did not present any reasoning for his decision.
Appellant filed an appeal of BCBZA's decision with the Butler County Court of Common Pleas on January 26, 1996 pursuant to R.C.2506.01. Appellant filed a motion requesting that BCBZA provide conclusions of fact supporting its January 16, 1996 decision. The common pleas court held on August 26, 1996 that since BCBZA had failed to file conclusions of fact supporting its order, a hearing would be held allowing either party to introduce additional evidence pursuant to R.C. 2506.03(A)(5). The common pleas court held the hearing on October 25, 1996. On May 6, 1997, the common pleas court affirmed BCBZA's decision. Appellant appeals this decision and presents five assignments of error.
We will only address appellant's fifth assignment of error for the following reasons: We find that appellant's first, second, and third assignments of error are rendered moot pursuant to App.R. 12(A)(1)(c) because a "reviewing court will not review a constitutional question where the case can be disposed of on other tenable grounds." State v. Crimi (1995), 106 Ohio App.3d 13,20, following Van Fossen v. Babcock Wilcox Co. (1988),36 Ohio St.3d 100. Appellant's fourth assignment of error is also rendered moot because of our treatment of appellant's fifth assignment of error. App.R. 12(A)(1)(c).[2]
Assignment of Error No. 5:
 THE TRIAL COURT'S DECISION GOES AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Appellant contends that the decision to deny his application for an approval of a conditional use permit was not supported by a preponderance of reliable, probative, and substantive evidence. Appellant claims that "not one single instance of adverse impact on the surrounding properties was documented." Appellant also relies upon In re Rocky Point Plaza Corp. (1993), 86 Ohio App.3d 486, stating that the common pleas court improperly relied upon evidence because a "hearing on a conditional use permit is an evidentiary hearing and not a public hearing and as such any decision flowing from such a hearing must be based on evidence presented and not on public opinion." We agree.
The decision to deny an application for a conditional use is clearly administrative in nature. Community Concerned Citizens, Inc. v. Union Twp. Bd. of Zoning Appeals (1993), 66 Ohio St.3d 452,455. In administrative appeals, the common pleas court is required to weigh the evidence in the record and whatever additional evidence is admitted under R.C. 2506.03 to determine whether a preponderance of the reliable, probative and substantial evidence exists to support the agency's decision. Kabatek v. City of North Royalton City Council (Jan. 8, 1998), Cuyahoga App. No. 71942, unreported, at 7, following Dudukovich v. Lorain Metro. Housing Auth. (1979), 58 Ohio St.2d 202, 207. An appellate court is required to affirm the court of common pleas unless it finds, as a matter of law, that the decision of the court of common pleas is not supported by a preponderance of reliable, probative, and substantial evidence. Dressler v. Preble County Bd. of Commrs. (Dec. 15, 1997), Preble App. No. CA97-04-009, unreported, 4-5, following Kisil v. Sandusky (1984),12 Ohio St.3d 30, 34.
Addressing conditional uses, the Ohio Supreme Court has stated:
 The inclusion of conditional use provisions in zoning legislation is based upon a legislative recognition that although certain uses are not necessarily inconsistent with the zoning objectives of a district, their nature is such that their compatibility in any particular area depends upon surrounding circumstances. Thus, the legislative body provides for their inclusion in a district only upon administrative approval granted in accordance with legislatively prescribed standards and conditions.
Gerzeny v. Richfield Twp. (1980), 62 Ohio St.2d 339, 341.
Applications for a conditional use permit require an "adjudicatory hearing," which is open to the public, but it is not a "public hearing." In re Rocky Point Plaza Corp. (1993), 86 Ohio App.3d 486, 491.
 A public hearing is one where members of the general public may speak and express their views on the question of governmental, political and policy considerations as to whether certain legislation should be adopted. Adjudication hearings, however, are not subject to such public comment, but instead, involve the determination of rights of specific persons and whether such rights should be granted based upon evidence (not public opinion) presented at the hearing.
Id.
The fact that adjudicatory hearings are to be open to the public does not result in their transformation into legislative public hearings with the corresponding right to receive public comment at that time. Adelman Real Estate Co. v. Gabanic (1996),109 Ohio App.3d 689, 694, discretionary appeal not allowed (1996),76 Ohio St.3d 1473. The evidence presented in opposition to a conditional use permit should be direct evidence, which is more than speculation or opinion voiced in terms such as "might," "potential," "feels," and "wondered." Id. at 695.
Testimony offered by citizens in adjudicatory hearings "cannot rise to the level of the reliable, probative, and substantial evidence required under Kisil and Dudukovich unless there are facts included as part of those opinions." Id. at 694. In other words, while citizens' concerns should be considered by a board of zoning appeals and the trial court, "legal matters are determined by facts, not beliefs or desires." Kabatek, Cuyahoga App. No. 71942, at 9, following Libis v. Akron Bd. of Zoning Appeals (1972), 33 Ohio App.2d 94, 100. As stated in another appellate case reviewing a board of zoning appeals decision involving a person seeking a zoning certificate for a paint ball field: "The objections of a large number of residents of the affected neighborhood are not a sound basis for the denial of the permit." Pinnacle Woods Survival Game, Inc. v. Hambden Twp. Zoning Inspector (1986), 33 Ohio App.3d 139, 140, quoting SCA Services of Ohio, Inc. v. Ream (Nov. 10, 1981), Stark App. No. 5553, unreported, at 6.
In the present case, in order for a conditional use to be approved by BCBZA, Butler County Zoning Resolution Sec. 25.521(c) states that the use "shall not adversely impact the health, s
[1] [EDITORS' NOTE: FOOTNOTE 1 IS OMITTED FROM THE OFFICIAL COPY OF THIS DOCUMENT, THEREFORE IT IS NOT DISPLAYED IN THE ONLINE VERSION.]
[2] [EDITORS' NOTE: FOOTNOTE 2 IS OMITTED FROM THE OFFICIAL COPY OF THIS DOCUMENT, THEREFORE IT IS NOT DISPLAYED IN THE ONLINE VERSION.]