[Cite as *Cleveland Skydiving Ctr., Inc. v. Troy Twp. Bd. of Zoning Appeals*, 2025-Ohio-435.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

| | |
|---|---|
| CLEVELAND SKYDIVING CENTER, INC, et al., | CASE NO. 2024-G-0044 |
| Appellees, | Civil Appeal from the Court of Common Pleas |
| - vs - | |
| TROY TOWNSHIP BOARD OF ZONING APPEALS, | Trial Court No. 2021 A 000405 |
| Appellant. | |

**M E M O R A N D U M**
**O P I N I O N**

Decided: February 10, 2025
Judgment: Appeal dismissed

*Thomas A. Barni* and *Andrew J. Yarger,* Dinn, Hochman & Potter, LLC, 6105 Parkland Boulevard, Suite 100, Cleveland, OH 44124 (For Appellees).

*Michael A. Lamanna*, 17119 Northbrook Trail, Chagrin Falls, OH 44023 (For Appellant).

EUGENE A. LUCCI, J.

{¶1} Appellant, Troy Township Board of Zoning Appeals ("the Board"), appeals the judgment of the Geauga County Court of Common Pleas, entered on April 17, 2023. Appellees, Cleveland Skydiving Center, Inc., et al. ("the Center"), moved this court to dismiss the underlying appeal as untimely. The Board duly opposed the motion. At issue is whether the underlying judgment, which affirmed the Board's decision in part and remanded the matter in part to resolve an issue which was not litigated, was final and appealable upon issuance of the judgment. If the judgment was final, this matter is

untimely pursuant to App.R. 4(A) because the instant notice of appeal was filed some 570 days after the trial court's order. For the reasons discussed in this opinion, we conclude the judgment at issue was final on April 17, 2023 and therefore the Board's notice of appeal is untimely. The appeal is accordingly dismissed.

{¶2} The underlying matter was an administrative appeal filed pursuant to R.C. Chapter 2406. The trial court's order involved two separate determinations: one, a disposition affirming the Board's denial of the Center's request for a use variance and, two, a remand to the Board to determine if there was a preexisting, non-conforming use – a use which might be validated via "grandfathering." The preexisting, non-conforming use argument was a matter not broached by the Board in its original determination.

{¶3} Because the Board did not render a decision on whether the property qualified as a prior, non-conforming use, the only ostensible issue on appeal to the Geauga County Court of Common Pleas was whether the Board's failure to determine whether the denial of a use-variance was arbitrary, capricious, or unreasonable. The trial court found the Board's decision on the use variance proper; the trial court also acknowledged that the Center could have asserted its property qualified as a prior, non-conforming use in its initial application, which it did not.

{¶4} The court nevertheless recognized that certain witnesses who testified at the hearing before the Board that they had "lived in the area of [the Center] for decades, no witness specifically testified that the campground had been in existence prior to the enactment of the zoning resolution." The trial court found the Board's failure to consider the issue of a prior, non-conforming use was error. The trial court determined:

> [I]n light of both (the Center's) apparent ignorance of this
> potential argument(,i.e., the prior, non-conforming use claim)

2

to further their aim of maintaining a campground, and in light of the (Board's) refusal to permit further consideration of the issue even after the possibility was raised at the hearing, the (Board's) decision to proceed to a final determination without more evidence of the issue must be considered arbitrary and capricious. In a perfect world, all parties should have approached their application differently than what ensued. It is the Court's desire to see justice done after consideration of all the facts and legal arguments, especially when considering zoning regulations which restrict the use of property.

{¶5} The trial court therefore remanded the matter and instructed the Board to conduct a hearing to determine whether the property qualified as a preexisting, non-conforming use. Because the issue was not before the trial court, no dispositional reversal was issued.

{¶6} On remand, additional evidence was taken and the Board determined that the Center had not established a prior, non-conforming use. *See* p. 7, Judgment Entry issued October 9, 2024. The Center appealed to the trial court and, under a separate case number (Case No. 2023 A 000576) that was assigned to a different judge, the trial court concluded the Board's decision "is unconstitutional, illegal, arbitrary, capricious, unreasonable, and unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." *Id.* at p. 13. The trial court accordingly reversed the Board's decision.

{¶7} Subsequently, the Board filed a notice of appeal on November 7, 2024. The Board sought review of both the October 9, 2024 judgment and the April 17, 2023 judgment. The Board sought to consolidate both Case No. 2023 A 000576 and Case No. 2021 A 000405. The trial judge presiding over Case No. 2021 A 000405 denied the motion, concluding any such motion should be made under case number 2023 A 000576.

3

{¶8} On December 20, 2024, the Center moved this court to dismiss the appeal filed in the instant case, which is derivative of the April 17, 2023 judgment remanding the matter to the Board in Case No. 2021 A 000405. The Center maintained the appeal was untimely because it was filed 570 days after the April 2023 order. The Center's position is founded upon its argument that the April 2023 order was final and appealable upon its entry.

{¶9} Alternatively, the Board opposes the motion based upon its view that the April 2023 judgment was not final and appealable. It claims that the remand order conferred ultimate jurisdiction (post-remand) upon the court of common pleas to assure compliance with the terms of the original order. As such, the Board maintains the April 2023 order was not final upon its initial issuance.

{¶10} "Under R.C. 2506.04, in an appeal from the board's decision, the common pleas court 'may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with findings or opinion of the court.'" *State ex rel. Chagrin Falls v. Geauga Co. Bd. of Cmmrs.*, 2002-Ohio-4906, ¶ 8, quoting R.C. 2506.04. In *Superior Metal Products, Inc. v. Administrator of the Ohio Bureau of Employment Services*, 41 Ohio St.2d 143, 146 (1975), the Supreme Court of Ohio determined that "a court's remand effectuates a revival of jurisdiction over a cause which may enable the subordinate tribunal or administrative body to conduct further proceedings and to render a new decision." *Accord Stace Dev., Inc. v. Welling Twp. Bd. of Zoning Appeals*, 2005-Ohio-4798, ¶ 17 (9th Dist.) (an order remanding an issue to an administrative agency for further hearing is authorized under R.C. 2506).

{¶11} In *Chagrin Falls*, the court observed: "Although *Superior Metal* did not involve an R.C. Chapter 2506 appeal, appellate courts have applied it and held that common pleas courts have authority in R.C. Chapter 2506 administrative appeals to remand for further proceedings, including a new hearing." *Chagrin Falls*, at ¶ 8, citing *Neary v. Moraine Bd. of Zoning Appeals,*1999 WL 960777 (2d Dist. July 30, 1999); *Hensel v. Lake Twp. Bd. of Zoning Appeals,* 2001-Ohio-1377 (5th Dist.); *Perez v. Cleveland Bd. of Zoning Appeals*, 2000 WL 23123 (8th Dist. Jan. 13, 2000); *In re Rocky Point Plaza Corp.* 86 Ohio App.3d 486, 496-497 (10th Dist.)

{¶12} In this case, the trial court, in rendering the April 2023 judgment, had only one issue before it, the use variance issue. It resolved that issue in the Board's favor and thus a decision had been rendered on the merits of the matter appealed. The trial court nevertheless remanded the matter for the Board to consider whether the real estate was subject to a pre-existing, non-conforming use and thus "grandfathered" into a valid use, despite the zoning code. The Center could have appealed the judgment of the court of common pleas on the use-variance denial. *See* R.C. 2505.02(B)(1) (it affected a substantial right because it precluded the possibility of obtaining a use variance and it was issued in a special proceeding). Moreover, the Board could have appealed the April 2023 judgment if it wished to take issue with the trial court's unusual remand order on procedural grounds. *Id.*

{¶13} The April 2023 remand order instructed the Board to rule on a new issue that was not before the trial court on appeal. This judgment – affirming the limited nature of the Board's adjudication – was final and not appealed. The remand order was within the trial court's jurisdiction and that remand did not affect the finality of the judgment entry.

5

Case No. 2024-G-0044

The judgment was final in April 2023 and, because it was not appealed within 30 days, the instant appeal of that judgment is untimely.

{¶14} Appellee's motion to dismiss is granted, and this appeal is hereby dismissed as being untimely filed.

ROBERT J. PATTON, P.J.,

MATT LYNCH, J.,

concur.

6

Case No. 2024-G-0044