The Huntington National Bank of Columbus, Appellant, v. Porterfield, Tax Commr., Appellee.

(No. 70-59—Decided September 24, 1970.)

*Messrs. Wright, Harlor, Morris, Arnold & Glander, Mr. C. Emory Glander* and *Mr. Robert E. Fultz,* for appellant.

*Mr. Paul W. Brown,* attorney general, *Mr. Russell A. Malrick* and *Mr. W. Robinson Watters,* for appellee.

*Per Curiam.* This cause is here on appeal by The Huntington National Bank of Columbus, hereinafter referred to as appellant, from a decision of the Board of Tax Appeals, affirming an order of the Tax Commissioner assessing a use tax and penalty against appellant for building material purchased and incorporated in a building, known as the Huntington Trust Building, which was constructed by a general contractor pursuant to an agreement with appellant.

Appellant also entered into an agreement with the State Teachers Retirement Board, under which the board would purchase the building from appellant after the building had been completed and the board would lease it back

to appellant at a stipulated rental for a period of 30 years. At the end of the lease period, the board agreed to sell the building back to appellant for $100.

The record in this case indicates that the construction contractor purchased the building materials. Therefore, under the provisions of R. C. 5739.01(B), the construction contractor is the "consumer" of the materials, and, under R. C. 5739.03, the contractor, as such consumer, is required to pay the use tax, unless a statutory exemption is available to it.

Appellant contends that the decision of the Board of Tax Appeals is unreasonable and unlawful for the following reasons:

(1) Appellant, as a national bank, is immune from payment of the Ohio use tax by virtue of Title 12, Section 548, U. S. Code, as effective prior to December 24, 1969.[1] (On December 24, 1969, Section 548 was amended.)[2]

---

[1] The statute (Title 12, Section 548, U. S. Code) provides that states may tax national banks only for (1) national bank shares, (2) dividends derived from taxable income of an owner or holder thereof, (3) net income of such associations and (4) according to or measured by their net income.

[2] The statute, as amended in 1969, provides, in part:

"5. (a) In addition to the other methods of taxation authorized by the foregoing provisions of this section and subject to the limitations and restrictions specifically set forth in such provisions, a state or political subdivision thereof may impose any tax which is imposed generally on a nondiscriminatory basis throughout the jurisdiction of such state or political subdivision (other than a tax on intangible personal property) on a national bank having its principal office within such state in the same manner and to the same extent as such tax is imposed on a bank organized and existing under the laws of such state.

"(b) Except as otherwise herein provided, the legislature of each state may impose, and may authorize any political subdivision thereof to impose, the following taxes on a national bank not having its principal office located within the jurisdiction of such state, if such taxes are imposed generally throughout such jurisdiction on a nondiscriminatory basis:

"(1) Sales taxes and use taxes complementary thereto upon purchases, sales, and use within such jurisdiction."

(2) Appellant is exempt from use taxation under the provisions of R. C. 5741.02(C) (3).[3]

(3) Appellant is exempt from use taxation under the provisions of R. C. 5741.02(C) (2)[4] and R. C. 5739.02(B) (14)[5].

Text of that section, after January 1, 1972 (Pub. L. 91-156, Section 2, December 24, 1969, 83 Stat. 434), provides that, effective January 1, 1972, the section will read as follows:

"For the purposes of any tax law enacted under authority of the United States or any state, a national bank shall be treated as a bank organized and existing under the laws of the state or other jurisdiction within which its principal office is located."

[3]R. C. 5741.02(C)(3):

"Tax does not apply to * * *:

"* * *

"(3) Property, the storage, use, or other consumption of which this state is prohibited from taxing by the Constitution of the United States, laws of the United States, or the Constitution of this state. * * *"

[4]R. C. 5741.02(C)(2):

"Tax does not apply to * * *:

"* * *

"(2) Tangible personal property, the acquisition of which, if made in Ohio, would be a sale not subject to the tax imposed by Sections 5739.01 to 5739.31, inclusive, of the Revised Code."

[5]R. C. 5739.02(B)(14), as effective herein, read:

"Building and construction materials sold to construction contractors for incorporation into a structure or improvement to real property under a construction contract with this state or a political subdivision thereof or with the United States government or any of its agencies, building and construction materials sold to construction contractors for incorporation into a structure or improvement to real property which are accepted for ownership by this state or any of its political subdivisions or by the United States government or any of its agencies at the time of completion of such structures or improvements, building materials sold to a construction contractor for incorporation into a house of public worship or religious education or a building used exclusively for charitable purposes under a construction contract with an organization whose purpose is as described in division (B) (13) of this section, and building materials sold to a construction contractor for incorporation into a structure or improvement to real property outside this state whether incorporated in the form received or after fabrication;" (131 Ohio Laws 1374, 1376.)

(4) That the appellant, a federal instrumentality, is inmune from use taxation.

Appellee contends that:

(1) Appellant assumed the risk of tax liability arising from the construction contractor's purchase of the materials used in construction of The Huntington Trust Building.

(2) The right of exemption must be based upon the rights of the person upon whom the "incidence" of the tax will fall, not upon persons who are not directly liable for the tax.

(3) Appellant, having assumed the risk of tax liability, is not immune as a federal agency.

In support of its claim of immunity from assessment of the tax, appellant relies upon the decision of *First Agricultural National Bank of Berkshire County* v. *Tax Comm.* (1968), 392 U. S. 339, 20 L. Ed. 2d 1138, 88 S. Ct. 2173. That case was based upon an interpretation of Title 12, Section 548, U. S. Code, as effective prior to the amendment of December 24, 1969. Mr. Justice Black, in speaking for the majority of the court, stated that in the absence of specific congressional authority a state may not tax a national bank, and that a state sales and use tax by its terms must be passed on to the ultimate purchaser or consumer to impose legal incidence to pay tax upon such consumer.

The question presented by a claim of exemption under a federal statute granting immunity to national banks from state sales or use taxes goes beyond the mere claim of an automatic exemption for a federal agency. The natinal bank must also show that the "incidence" of the tax is on it. A building contractor who contracts to construct a building for the United States government is not an agent of the United States in buying the materials therefor, and the government cannot be considered as the purchaser. *Alabama* v. *King & Boozer* (1941), 314 U. S. 1, 86 L. Ed. 3, 62 S. Ct. 43; *Curry* v. *United States* (1941),

314 U. S. 14, 86 L. Ed. 9, 62 S. Ct. 48. The opinion of the Supreme Judicial Council of Massachusetts in *First Agricultural National Bank of Berkshire County* v. *Tax Comm.* (1967), 353 Mass. 172, 229 N. E. 2d 245, states that the bank purchased the materials, and that, other than the immunity granted by Congress in exempting national banks from being required to pay state sales or use taxes, the question of "incidence to pay" the tax was not raised. In the case at bar, this "incidence" to pay the tax is the paramount issue.

For the purpose of considering appellant's claim for exemption from state use taxes, the appellant cannot be considered, under the Ohio sales tax law, as an "agency" of the federal government under the provisions of Title 12, Section 548, U. S. Code.

There are three judicial pronouncements by judicial bodies which, in each case, indicates that, although under applicable state law the national bank was the purchaser of the materials and the "incidence" for payment of the tax fell upon the bank, the bank was exempt from payment of the tax because of a then effective federal statute. *First Agricultural National Bank of Berkshire County* v. *Tax Comm., supra* (353 Mass. 172); *Liberty National Bank & Trust Co.* v. *Buscaglia* (1967), 21 N. Y. 2d 357, 235 N. E. 2d 101; and *First National Bank of Homestead* v. *Dickinson* (1968), 291 F. Supp. 855. In Ohio, the federal immunity of a national bank does not pertain to national banks, because the "incidence" of the tax falls directly upon the construction contractor, not upon the bank.

Appellant's alternative assignment of error is that the title owner of the building is the State Teachers Retirement Board, and that, therefore, appellant is exempt by law from payment of the Ohio use tax.

*Smith Fireproofing Co.* v. *Donahue* (1968), 14 Ohio St. 2d 168, held that the statutory exemption of purchases of building and construction materials from sales and use taxes applies only if the structure or improvement to

real property is accepted by a governmental agency at the time of completion. The term "ownership," as used in R. C. 5739.02(B)(14), is defined in paragraph two of the syllabus in *Smith Fireproofing* as "the holding of legal title to real property."

In the case at bar, the architect certified the building as completed on April 21, 1966, but title was not transferred to the State Teachers Retirement Board until April 29, 1966. At the time of completion the state board did not have legal title to the building. This being so, we see no need to consider the question as to the board being a state agency as contemplated by the Ohio sales and use tax law.

Appellant contends that even if it should be held that the bank is not a federal agency for the purposes set forth in the Ohio use tax law and that the State Teachers Retirement Board is not a state agency, which would make Huntington immune from liability for payment of the tax, by virtue of R. C. 5739.03(B)[6] it is exempt because the contractor and the appellant jointly executed exemption certificates to the vendors.

The Ohio use tax falls upon the "consumer," and it is the "consumer" upon whom the "incidence" to pay the

---

[6]R. C. 5739.03(B), as effective herein, read:

"* * * If the transaction is claimed to be exempt under division (B) (14) of Section 5739.02 of the Revised Code, the exemption certificate shall be signed by both the contractor and his contractee and such contractee shall be deemed to be the consumer of all items purchased under such claim of exemption in the event it is subsequently determind that the exemption is not properly claimed. The certificate shall be in such form as the Tax Commissioner by regulation prescribes. If no certificate is furnished or obtained within the period for filing the return for the period in which such sale is consummated, it shall be presumed that the tax applies. The failure to have so furnished, or to have so obtained, a certificate shall not prevent a vendor or consumer from establishing that the sale is not subject to the tax within sixty days of the giving of notice by the commissioner of intention to levy an assessment, in which event the tax shall not apply." (129 Ohio Laws 1336, 1340.)

tax falls. A "consumer" is defined in R. C. 5741.01(F) as "any person who has purchased tangible personal property for storage, use, or other consumption in this state." In this case, the construction contractor was the "consumer" of the property which was incorporated in the appellant's building.

R. C. 5739.02(B) (14)ᵉ is the source of the construction contractor's claim for exemption. Appellant, by jointly executing the certificates of exemption with the contractor, committed itself to become liable for payment of the tax in the event the exemption was not properly claimed. R. C. 5739.03(B). Such exemption was not properly claimed.

The "deemed to be the consumer" language has to be considered together with the contractor's exemption provided for in R. C. 5739.02(B)(14). To hold otherwise would mean that by the filing of an exemption certificate, both the construction contractor and the contractee (Huntington) would be relieved of tax liability.

In *Alabama* v. *King & Boozer, supra* (314 U. S. 1), and *Curry* v. *United States, supra* (314 U. S. 14), the court held that a tax passed by a construction contractor to an exempt governmental agency in the form of an additional, direct cost is not to be considered as a tax upon such governmental agency so as to immunize the construction contractors from having to pay the tax imposed directly upon contractors.

In Ohio, the use tax law places the incidence of the tax directly upon the construction contractor, who is designated by statute as the "consumer."

Any statutory exemption from liability is granted to the "consumer," and is not available to another, such as the contractee herein, who was not directly liable for the tax in the first instance. Under the Ohio use tax law, the appellant never was the actual purchaser and user of the tangible personal property. Appellant cannot claim an exemption under federal immunity or upon the basis that the

State Teachers Retirement Board acquired legal title days after the building architect had certified the building completed.

The decision of the Board of Tax Appeals, being neither unreasonable nor unlawful, is affirmed.

*Decision affirmed.*

STERN, LEACH, HERBERT, DUNCAN and CORRIGAN, JJ., concur.

SCHNEIDER, Acting C. J., dissents.

STERN, J., of the Tenth Appellate District, sitting for O'NEILL, C. J.

LEACH, J., of the Tenth Appellate District, sitting for MATTHIAS, J.