MIDWEST FOUNDATION INDEPENDENT PHYSICIANS ASSOCIATION, D.B.A. CHOICECARE, APPELLANT, *v.* TRACY, TAX COMMR., APPELLEE.

[Cite as *Midwest Found. Indep. Physicians Assn. v. Tracy* (1996), 74 Ohio St.3d 221.]

(No. 94–2058—Submitted September 14, 1995—Decided January 10, 1996.)

*Frost & Jacobs* and *Larry H. McMillin,* for appellant.

*Betty D. Montgomery*, Attorney General, and *James C. Sauer*, Assistant Attorney General, for appellee.

_____

*Per Curiam.* We affirm the BTA's decision.

R.C. 5741.02(A) imposes a use tax on the "storage, use, or other consumption in this state of tangible personal property * * *." R.C. 5741.01(C) defines "use" to mean "the exercise of any right or power incidental to the ownership of the thing used."

ChoiceCare, from its Ohio office, ordered the Boston publisher to print the magazines and mail them to ChoiceCare's members in Ohio. Apparently, Choice-Care also issued payment for the magazines from Ohio. ChoiceCare, thus, orchestrated the purchase and distribution of the magazine to Ohio recipients. By these acts, ChoiceCare exercised rights or powers incidental to the ownership of the magazines. Since ChoiceCare exercised these rights or powers in Ohio, ChoiceCare owes Ohio use tax on these activities. *Norandex, Inc. v. Limbach* (1994), 69 Ohio St.3d 26, 630 N.E.2d 329.

We distinguish *Hoffmann–LaRoche, Inc. v. Porterfield* (1968), 16 Ohio St.2d 158, 45 O.O.2d 486, 243 N.E.2d 72, cited for support by ChoiceCare. In that case, Hoffmann–LaRoche, a pharmaceutical manufacturer that maintained its principal office in New Jersey and had warehouses in states other than Ohio, mailed samples and promotional materials to Ohio doctors and hospitals. We affirmed a BTA decision reversing that assessment because Hoffmann–LaRoche divested itself of ownership, possession, and control outside Ohio. Thus, Hoffmann–LaRoche did not exercise any right or power incidental to ownership *in Ohio*.

ChoiceCare also argues that Am.S.B. No. 303, 143 Ohio Laws, Part I, 1602 (effective July 18, 1990), which expanded the definition of "use" to include distribution by the consumer, without charge, to recipients in this state, prevents the commissioner from assessing ChoiceCare on purchases occurring prior to its enactment. ChoiceCare contends that the instant purchases were not taxable until this amendment became effective. This argument has no merit. We have held above that the definition of "use" existing during the audit period covers the instant situation without bolstering from this amendment. Indeed, the amended definition appears aimed at taxpayers like Hoffmann–LaRoche, which distribute items from outside Ohio.

Accordingly, we affirm the decision of the BTA because it is reasonable and lawful.

*Decision affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.