[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 221.]

MIDWEST FOUNDATION INDEPENDENT PHYSICIANS ASSOCIATION, D.B.A.
CHOICECARE, APPELLANT, *v*. TRACY, TAX COMMR., APPELLEE.

[Cite as *Midwest Found. Indep. Physicians Assn. v. Tracy*, 1996-Ohio-181.]

*Taxation—Use tax on quarterly magazine published and mailed from Boston, Massachusetts, to Ohio residents by Ohio health mainteance organization—R.C. 5741.02(A), applied—Taxable "use," when.*

(No. 94-2058—Submitted September 14, 1995—Decided January 10, 1996.)

APPEAL from the Board of Tax Appeals, No. 92-Z-435.

───────────────

{¶ 1} Midwest Foundation Independent Physicians Association, d.b.a. ChoiceCare, appellant, operates a Cincinnati-based health maintenance organization. ChoiceCare's members reside in Ohio, Kentucky, and Indiana. Approximately eighty-five percent of its members lived in Ohio during the audit period, January 1, 1988 through December 31, 1990.

{¶ 2} ChoiceCare purchases the Health Journal Magazine, a quarterly magazine published by a company in Boston, Massachusetts. ChoiceCare directs the publisher to mail the magazines from Boston directly to ChoiceCare's members. The magazine keeps the members abreast of changes at ChoiceCare and in the health care industry. It usually contains a letter from ChoiceCare's president, ideas for the health-conscious member, and other health-related articles.

{¶ 3} The Tax Commissioner, appellee, assessed use tax against those magazines sent to Ohio residents. On appeal, the Board of Tax Appeals ("BTA") affirmed the commissioner's assessment. The BTA ruled that ChoiceCare exercised a right or power incidental to ownership in Ohio by, from its Ohio office, ordering, paying for, and supplying a mailing list to direct delivery of, the magazine.

**{¶ 4}** The cause is now before this court on ChoiceCare's appeal as of right.

_____

*Frost & Jacobs* and *Larry H. McMillin*, for appellant.

*Betty D. Montgomery*, Attorney General, and *James C. Sauer*, Assistant Attorney General, for appellee.

_____

***Per Curiam.***

**{¶ 5}** We affirm the BTA's decision.

**{¶ 6}** R.C. 5741.02(A) imposes a use tax on the "storage, use, or other consumption in this state of tangible personal property ***."  R.C. 5741.01(C) defines "use" to mean "the exercise of any right or power incidental to the ownership of the thing used."

**{¶ 7}** ChoiceCare, from its Ohio office, ordered the Boston publisher to print the magazines and mail them to ChoiceCare's members in Ohio.  Apparently, ChoiceCare also issued payment for the magazines from Ohio.  ChoiceCare, thus, orchestrated the purchase and distribution of the magazine to Ohio recipients. By these acts, ChoiceCare exercised rights or powers incidental to the ownership of the magazines.   Since ChoiceCare exercised these rights or powers in Ohio, ChoiceCare owes Ohio use tax on these activities.  *Norandex, Inc. v. Limbach* (1994), 69 Ohio St. 3d 26, 630 N.E. 2d 329.

**{¶ 8}** We distinguish *Hoffmann-LaRoche, Inc. v. Porterfield* (1968), 16 Ohio St. 2d 158, 45 O.O. 2d 486, 243 N.E. 2d 72, cited for support by ChoiceCare. In that case, Hoffmann-LaRoche, a pharmaceutical manufacturer that maintained its principal office in New Jersey and had warehouses in states other than Ohio, mailed samples and promotional materials to Ohio doctors and hospitals.  We affirmed a BTA decision reversing that assessment because Hoffmann-LaRoche divested itself of ownership, possession, and control outside Ohio.   Thus,

Hoffmann-LaRoche did not exercise any right or power incidental to ownership *in Ohio*.

**{¶ 9}** ChoiceCare also argues that Am. S. B. No. 303, 143 Ohio Laws, Part I, 1602 (effective July 18, 1990), which expanded the definition of "use" to include distribution by the consumer, without charge, to recipients in this state, prevents the commissioner from assessing ChoiceCare on purchases occurring prior to its enactment. ChoiceCare contends that the instant purchases were not taxable until this amendment became effective. This argument has no merit. We have held above that the definition of "use" existing during the audit period covers the instant situation without bolstering from this amendment. Indeed, the amended definition appears aimed at taxpayers like Hoffmann-LaRoche, which distribute items from outside Ohio.

**{¶ 10}** Accordingly, we affirm the decision of the BTA because it is reasonable and lawful.

*Decision affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

———————————