AMERICAN WATCHMAKERS–CLOCKMAKERS INSTITUTE, INC., Appellant,

v.

TRACY, Tax Commr., Appellee.

[Cite as *Am. Watchmakers–Clockmakers Inst., Inc.
v. Tracy* (2000), 138 Ohio App.3d 747.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–990880.

Decided Aug. 25, 2000.

*Santen & Hughes, James P. Wersching* and *Michael G. Leik,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Barbara L. Barber,* Assistant Attorney General, for appellee.

---

*Per Curiam.*

Appellee, Roger W. Tracy, Tax Commissioner of Ohio, assessed a use tax on certain materials used in the production of a magazine by appellant, American Watchmakers–Clockmakers Institute, Inc. The Ohio Board of Tax Appeals affirmed the commissioner's decision. We reverse.

Appellant is a nonprofit corporation, organized under the laws of Illinois, whose primary place of business is in Harrison, Ohio. It is a trade association for professionals involved in making and repairing watches and clocks, and it publishes and distributes a magazine called Horological Times. The major inducement for the solicitation of new members is a subscription to the magazine, which professionals consider authoritative. The yearly subscription price is $14.63 for members, which is included in their $45 membership fee, and $45 for the general public. Appellant's director has acknowledged, however, that the market for the magazine at the newsstand is almost nonexistent. Appellant also sells back issues of the magazine for $3.00 for the first ten issues and $2.50 per issue for any number of issues over ten. From 1992 through 1995, the tax years in question, appellant had gross sales of $1,633.72 for back issues.

Appellant claimed that the taxed items fell under an exemption for items used or consumed in the production and preparation of printed materials. The Tax Commissioner concluded that the exemption did not apply because appellant did not offer its magazine for sale, but only distributed it to its members as a benefit of membership. In affirming the commissioner's decision, the board did not use the same reasoning. Instead, it stated:

"The evidence before us establishes only that appellant's director, and presumably other employees, were engaged in the writing, researching and editing of the content of the magazine. The assessed items which are contested consist of charges incurred by appellant with vendors which actually printed the magazine, or provided covers and photographs included in the magazine. There is no evidence that appellant was in any way engaged in the actual production of the magazine. Although appellant contends that it does not matter whether it prints 'Horological Times' in-house or utilizes an outside printer, *it is not the consumer of the items used in production of printed matter.* Instead it is engaged only in the distribution of the magazine after it has been produced. For this reason, we [conclude] that appellant is not entitled to the exception from sales and use tax * * *." (Emphasis added.)

Appellant has filed a timely appeal from the board's decision, which we have *sua sponte* removed from the accelerated calendar. In its sole assignment of error, it states that the board erred as a matter of law in affirming the Tax Commissioner's decision assessing the use tax. It argues that the items assessed were not subject to the use tax under the exemption in R.C. 5739.02(E)(8) for items used in the production and preparation of printed matter in suitable condition for market sale. We find this assignment of error to be well taken.

 An appellate court may reverse a decision of the Board of Tax Appeals only if it is unreasonable or unlawful. R.C. 5717.04; *NCR Corp. v. Lindley* (1985), 18 Ohio St.3d 332, 334, 18 OBR 375, 376–377, 481 N.E.2d 588, 591; *Federated Dept. Stores, Inc. v. Lindley* (1983), 5 Ohio St.3d 213, 215–216, 5 OBR 455, 457–458, 450 N.E.2d 687, 689. It is not a *de novo* trier of fact and may not substitute its judgment for the board on factual issues. *NCR Corp., supra*, at 334, 18 OBR at 376–377, 481 N.E.2d at 591; *Foto Fair Internatl., Inc. v. Lindley* (1982), 2 Ohio St.3d 34, 36, 2 OBR 578, 580–581, 442 N.E.2d 755, 757. The appellate court must uphold the board's findings of fact if they are based upon reliable, probative evidence. *Am. Natl. Can Co. v. Tracy* (1995), 72 Ohio St.3d 150, 152, 648 N.E.2d 483, 485; *Federated Dept. Stores, supra*, at 215, 450 N.E.2d at 689.

 R.C. 5741.02(A) levies an excise tax on "the storage, use, or other consumption in this state of tangible personal property or the benefit realized in this state of any service provided." "Use" means "the exercise of any right or power incidental to the ownership of the thing used." R.C. 5741.01(C); *United Transp. Union Ins. Assn. v. Tracy* (1998), 82 Ohio St.3d 333, 335–336, 695 N.E.2d 770, 772; *Midwest Found. Indep. Physicians Assn. v. Tracy* (1996), 74 Ohio St.3d 221, 222, 658 N.E.2d 263, 264. R.C. 5741.02(B) provides that "[e]ach consumer, storing, using, or otherwise consuming in this state tangible personal property or realizing in this state the benefit of any service provided, shall be liable for the tax * * *." A "consumer" is "any person who has purchased tangible personal property or has been provided a service for storage, use, or other consumption or benefit in this state." R.C. 5741.01(F); *H.C. Attebery & Assoc. Co. v. Limbach* (1988), 37 Ohio St.3d 239, 241, 525 N.E.2d 479, 482; *DeWitt–Jenkins Realty Co. v. Glander* (1951), 156 Ohio St. 339, 46 O.O. 191, 102 N.E.2d 441, syllabus. The burden to pay the use tax falls upon the consumer, unless a statutory exemption is available. *Huntington Natl. Bank of Columbus v. Porterfield* (1970), 23 Ohio St.2d 131, 132, 52 O.O.2d 410, 410–411, 263 N.E.2d 227, 228.

 This discussion of the basic precepts of the use tax reveals the fundamental flaw in the board's logic. The board made the factual finding that appellant is not the consumer because it does not print the magazine in-house, and, it

concluded, therefore, that appellant is not entitled to claim the exemption. However, if appellant is not the consumer, then it is not liable to pay the use tax in the first place, and it does need the exemption. Consequently, the board's decision affirming the Tax Commissioner's decision is unlawful and unreasonable.

■ Even if we were to conclude that the board's factual finding that appellant is not the consumer was not supported by the evidence, we would still reverse the board's decision. Although exemptions for sales or use taxes are strictly construed, appellant affirmatively demonstrated its right to claim the exemption. See *Loctite Corp. v. Tracy* (1994), 71 Ohio St.3d 401, 402, 644 N.E.2d 281, 282; *Bird & Son, Inc. v. Limbach* (1989), 45 Ohio St.3d 76, 78, 543 N.E.2d 1161, 1164.

■ R.C. 5741.02(C) provides that transactions that are exempt from sales tax are also exempt from use tax. *TV Fanfare Publications, Inc. v. Tracy* (1999), 87 Ohio St.3d 165, 167, 718 N.E.2d 433, 435. R.C. 5739.02 provides for an excise tax on "each retail sale made in this state." R.C. 5739.02(E)(8) excepts from the definition of a retail sale those transactions in which the consumer's purpose is "to use or consume the thing transferred in the production and preparation in suitable condition for market and sale of printed, imprinted, overprinted, lithographic, multilithic, blueprinted, photostatic, or other productions or reproductions of written or graphic matter[.]"

The commissioner concluded that this exemption did not apply because appellant did not sell the magazine. However, the statute requires only that the printed material be "suitable for sale," not that it must actually be sold. Further, appellant presented evidence before the board that it did indeed sell the magazine, even if those sales were minimal. The statute does not contain a minimum sales requirement, and we will not insert words into the statute that are not actually used. *In re Burchfield* (1988), 51 Ohio App.3d 148, 152, 555 N.E.2d 325, 330; *In re Estate of Myers* (Dec. 29, 1995), Hamilton App. No. C–940828, unreported, 1995 WL 763554. Consequently, appellant met its burden to demonstrate that the commissioner's decision was factually incorrect. *Kern v. Tracy* (1995), 72 Ohio St.3d 347, 349, 650 N.E.2d 428, 429; *Alcan Aluminum Corp. v. Limbach* (1989), 42 Ohio St.3d 121, 123, 537 N.E.2d 1302, 1304.

This case is similar to *Bell & Howell Co. v. Limbach* (1984), 19 Ohio App.3d 77, 19 OBR 161, 482 N.E.2d 1305, in which the commissioner assessed sales and use taxes on tangible personal property purchased by Charles E. Merrill Publishing Division, a textbook publisher. The items taxed included typesetting, reproduction proofs, color separations, artwork, photographs, and printing plates. The commissioner did not assess taxes on payments by the publisher for printing, collating, binding, and the purchase of paper.

The court described the publishing process in these terms:

"The evidence before the board established that Merrill obtained manuscripts either from members of its staff or outside writers; that the manuscripts were edited in-house; that the edited material was sent to a typesetter to be cast into type; that 'galley proofs' were taken from this type and returned to Merrill's editors who made corrections and allotted space to insert artwork; that page layouts and designs were determined by staff editors and artists; that artwork and photographs were procured either from outside or in-house sources; that the marked galley proofs were returned to the typesetter who made corrections and pulled 'reproduction proofs' which were returned to Merrill's editors for further scrutiny; that the reproduction proofs, artwork, and photographs were then sent to a printer; that the printer photographed the material and used the resulting negative to make a printing plate which he then used to print the sheets which would become the pages of the textbooks; and that these sheets were then sent by Merrill to a binder to be collated and bound into textbooks." *Id.* at 78, 19 OBR at 162, 482 N.E.2d at 1306.

The court held that the exemption in R.C. 5739.01(E)(8) applied to all items purchased by a publisher for the purpose of using or consuming them in the publication process:

"Accordingly, the exemption should have been applied to exempt from taxation all items of tangible personal property purchased by Merrill with the purpose of necessarily using or consuming them in the successive steps that comprised the process of production and preparation of printed matter (textbooks) in a suitable condition for market and sale. These successive steps or stages of the process included preparation of copy, artwork and photographs, converting these items into type or printing plates, the actual printing or presswork, and collating and binding the printed sheets into textbooks. Because the items at issue were concededly used during the early states of the process, they should have been exempt from taxation under R.C. 5739.01(E)(8).

"Although the Tax Commissioner of Ohio seeks to draw a distinction between those publishers which perform in-house all the successive steps of the process, and those like Merrill which perform some of the stages in-house and satisfy others by purchasing items from other sources, the General Assembly adopted no such distinction. Where items are prepared by outside sources pursuant to a contract with and under the direction of the publisher, and are purchased by the publisher with the purpose of using them in the production and preparation process, those items are used or consumed by the publisher within the contemplation of subdivision (E)(8), as surely as if they had been prepared in-house." *Id.* at 81, 19 OBR at 165, 482 N.E.2d at 1308–1309.

We find *Bell & Howell* to be an accurate and authoritative interpretation of R.C. 5739.01(E)(8), and we conclude that it is dispositive of the present case.

Because the items that the commissioner found were subject to the use tax were tangible personal property used or consumed in the production and preparation of printed material suitable for sale, they fell within the exemption. See *Dayton Press, Inc. v. Lindley* (1986), 22 Ohio St.3d 112, 113–114, 22 OBR 193, 193–194, 489 N.E.2d 789, 790–791; *Cincinnati Cordage & Paper Co. v. Limbach* (Mar. 15, 1988), Franklin App. Nos. 87AP–628 and 87AP–629, unreported, 1988 WL 33633. Consequently, we hold that the board's decision that the exemption did not apply to tangible personal property used in the production of Horological Times was unlawful and unreasonable. We reverse the board's decision and remand this case to the board to vacate the commissioner's assessment of the tax.

*Judgment reversed*
*and cause remanded.*

DOAN, P.J., PAINTER and SHANNON, JJ., concur.

RAYMOND E. SHANNON, J., retired of the First Appellate District, sitting by assignment.